## Isaac Hirsch v. The Chicago Carpet Company.

1. GUARANTY—*What is a Sufficient Consideration.*—Any consideration moving from a buyer to the seller contemporaneous with or subsequent to the promise of a guarantor, is sufficient as between the buyer and such guarantor, to support the contract of guaranty.

2. CONSIDERATION—*For a Guaranty.*—A dealer sold goods to a party but refused to deliver them unless payment therefor was secured. Upon the execution and delivery of the guaranty sued upon, he agreed to and did deliver the goods. *Held,* the consideration for the contract of guaranty was sufficient.

**Assumpsit,** on a contract of guaranty. Trial in the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 11, 1899.

**Statement of the Case.**—This is an action in assumpsit brought by appellee against appellant and Newton Morganroth to recover the amount due appellee for goods sold to the Tivoli Amusement Company. Appellee had agreed with the Tivoli company to sell to it certain carpeting at prices agreed upon between them, and the Tivoli company had agreed to take and pay for the same in sixty and ninety days after delivery. Appellant was president, and said Morganroth secretary and treasurer of the Tivoli company. After said agreement was made, representatives of appellee informed appellant and said Morganroth that appellee would not deliver the carpeting contracted for unless payment therefor was secured. Thereupon appellant and said Morganroth executed and delivered the guaranty sued upon, and appellee agreed to and did deliver the carpeting. Said guaranty is as follows, viz.:

"Chicago, August 3d, 1896.
I hereby guarantee the payment to the Chicago Carpet Company, Limited, of any account contracted by the Tivoli Amusement Company, in supplying carpets or otherwise furnishing the theatre at Nineteenth street and Wabash avenue, this city, and I further guarantee that such account shall be paid promptly in two (2) installments, to wit: Fifty (50 ) per cent on the sixtieth (60th) day after the work is completed and the balance thirty (30) days later.

NEWTON MORGANROTH, Sec. & Treas.
I. HIRSCH, Pres."

Verdict and judgment in favor of appellee. Morganroth does not join in this appeal.

NEWMAN, NORTHRUP & LEVINSON, attorneys for appellant, contended that the contract between appellee and Tivoli Amusement Company being closed before appellant signed or agreed to sign the alleged guaranty, appellant can not be held to such guaranty, since no new consideration passed. 1 Brandt on Suretyship and guaranty (2d edition), Sec. 17; Baylies on Sureties and Guarantors, 56; Dennis v. Piper, 21 Ill. App. 169; Martin v. Stubbings, 20 Ill. App. 381; Harwood v. ⬛iersted, 20 Ill. 367; Joslyn v. Collinson,

26 Ill. 61; Armstrong v. C. V. L. & C. Co., 48 Pac. Rep. 690; McFarland v. Heim, 29 S. W. Rep. 1030; Ware v. Adams, 24 Me. 177; Jones v. Ritter, 32 Tex. 717.

When a guarantee is put upon a note, at the time of its execution, and so is a part of the original transaction, no new consideration is necessary to support it; but when it is entered into subsequently, it is a new and independent undertaking, and must be supported by a new and independent consideration, and the pleading should conform to this rule of law. Joslyn v. Collinson, 26 Ill. 62.

To the same effect also is the rule stated in Brandt on Suretyship and Guaranty:

" Where the consideration between the principal and creditor has passed and become executed before the contract of the surety or guarantor is made, and such contract was no part of the inducement to the creation of the original debt, such consideration is not sufficient to sustain such contract." 1 Brandt on Suretyship & Guaranty (2d Ed.), p. 20, Sec. 17.

WINSTON & MEAGHER, attorneys for appellee; RALPH MARTIN SHAW, of counsel.

A consideration moving to the principal alone, contemporaneous with or subsequent to the promise of the surety or guarantor, is sufficient. Brandt on Suretyship, Second Ed., Sec. 15, and cases there cited.

Where the contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also. Erie County Savings Bank v. Coit (N. Y.), 11 N. E. Rep. 54, 56.

MR. JUSTICE HORTON delivered the opinion of the court.

It is contended on behalf of appellant that there was between appellee and the Tivoli company a contract for the sale of the goods in question before a guaranty was signed, that no new contract was made, and that there was, therefore, no consideration for said guaranty. This is substantially the only question in the case.

The contract between the Tivoli company and appellee was a valid contract, binding upon both the parties thereto. Appellee positively refused to perform on its part unless payment was secured. It was then optional with the Tivoli company to decline to furnish the security demanded, and to sue appellee to recover damages, if any there were, for non-performance of contract. Instead of doing this, the guaranty sued upon was furnished by the Tivoli company, and the goods were delivered by appellee. There is no contest as to the value of the goods thus delivered.

We do not deem it necessary to follow counsel in their argument as to all the various points and "syllogisms" presented in their arguments upon the question of consideration. We are of opinion that there was not such a want of consideration as to defeat the claim of appellee upon said guaranty. Bishop v. Busse, 69 Ill. 403; Cooke v. Murphy, 70 Ill. 96.

Appellee declined to part with its goods without such guaranty. Appellant and Morganroth were not outside parties having no interest in the matter. They were the principal officers of the Tivoli company.

There is no force in the contention that those men executed the guaranty only as officers of the company, i e., that the company exceeded the guaranty. That is equivalent to saying that the Tivoli company itself guaranteed that it would perform its own contract. Those men were not so foolish as that. But whether they did sign the guaranty as officers of the company, or in their individual capacity, was submitted to the jury upon instructions asked by appellant and we have no inclination to disturb the verdict of the jury.

Again it is argued that appellant's signature to the guaranty contract was obtained by fraud, and is therefore not binding. This question was also submitted to the jury upon an instruction asked by appellant. There is no reason shown why we should disturb the verdict upon that question.

Perceiving no error, the judgment of the Superior Court is affirmed.