ANNIE G. K. GARLAND *vs.* THOMAS J. GAINES.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The fact that a letter was duly mailed is presumptive evidence that it was received by the addressee.

Evidence that a written lease was sent to the nonresident lessee and came back with his name appended to it, and that he afterwards occupied the leased premises, is *prima facie* proof of his execution of the lease.

Section 874 of the General Statutes provides that if a defendant intends to controvert the execution or delivery of any written instrument

Garland v. Gaines.

or recognizance sued upon, he shall deny the same specifically in his answer. *Held* that an averment by the defendant to the effect that he had no knowledge or information sufficient to form a belief as to his own execution of the written guaranty in suit, did not comply with the requirements of the statute; and that under such circumstances the plaintiff was not obliged to prove the alleged execution.

The failure to affix a stamp to a written instrument as required by the United States Internal Revenue Act of 1898, does not affect the use of the instrument as evidence in the State courts.

Certain correspondence between the lessor and the alleged guarantor of the rent reserved in the lease, respecting its payment, *held* relevant to prove the execution of the contract of guaranty.

A contract of guaranty for the payment of the rent and the performance of the lessee's covenants for the full term of the lease, made in consideration of the letting of the premises, is an absolute and not a conditional undertaking, and renders the guarantor liable to suit immediately upon the default of the lessee.

A guaranty executed after the signing of the lease will be deemed to have been made contemporaneously with it, if delivered at the same time and before the lessee is permitted to occupy the premises.

Submitted on briefs April 18th—decided May 8th, 1901.

ACTION to recover rent, brought to the Court of Common Pleas in New Haven County and tried to the court, *Studley, J.;* facts found and judgment rendered for the plaintiff for $230, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Hobart L. Hotchkiss* and *Harry W. Asher,* for the appellant (defendant).

*Walter P. Judson,* for the appellee (plaintiff).

HALL, J. It appears from the finding that the plaintiff leased to the defendant's son, Thomas J. Gaines, Jr., who is alleged to have been at that time a minor, a one-third interest in certain rooms in New Haven, to be occupied by him with two other students from September 29th, 1898, to June 29th, 1899. Being unwilling to rent the rooms to the son without the guaranty of his father for the payment of

the rent, the plaintiff, on the 15th of June, signed in duplicate a lease and sent the same to Thomas J. Gaines, Jr., to be executed by him and to have the guaranty at the foot of the lease signed by his father, they both being out of the State. In July, 1898, the lease was returned to the plaintiff with the names of the son and of the defendant signed, respectively, to the lease and the guaranty; the latter under the date of July 23d, 1898, at New York, where the defendant resided. Thomas J. Gaines, Jr., with the two other students, took possession of the rooms September 29th, 1898, and occupied them a few weeks, when, on account of illness, he went away, informing the plaintiff that he would be gone for a few weeks. He did not return, and the two other students, under similar leases to that above described, occupied the rooms until the end of the term.

In November and in December, in reply to letters from the plaintiff requesting payment of the rent which by the lease was payable each fourth week of the term, the defendant wrote, in one letter, that he would inquire into the matter and send check, and in the other, that his son would not be able to return to college during the term, and asking for a rebate of one half the rent.

On July 1st, 1899, plaintiff's attorney wrote the defendant stating the amount of the rent due on the lease executed by his son, that the defendant was guarantor thereon, and asking him what he intended to do regarding it, and informed him that he should bring suit unless he heard from him. It is fairly implied from the finding that this letter was duly mailed. It is therefore to be presumed that it was received. It did not appear that he replied to it. No part of the rent due from Thomas J. Gaines, Jr., has been paid, although demanded both of him and of the defendant.

The guaranty signed by the defendant and made a part of the complaint, is as follows: " In consideration of the letting of the premises above described, I, Thomas J. Gaines, of New York, hereby guarantee the payment of said rent and performance of the agreement of the lessee for the full term of this lease."

No United States internal revenue stamp was affixed to the lease until the assignment of the case for trial.

Counsel for defendant objected to the admission of the lease and guaranty in evidence, upon the ground that there was no proof of the execution of the same either by said Thomas J. Gaines, Jr., or by the defendant, and that no internal revenue stamp had been affixed to the lease at the time of its execution.

These objections were properly overruled. The fact that the lease was sent by the plaintiff to Thomas J. Gaines, Jr. to be executed, that he received it, that it was returned to the plaintiff with his name signed to it, and that he afterwards occupied the rooms, was *prima facie* proof of the execution of the lease by him.

The plaintiff was not required, under the pleadings, to prove the execution of the contract of guaranty. The defendant's answer, that he had no information or knowledge sufficient to form a belief, made to that paragraph of the complaint which alleges that " on or about July 23d, 1898, said lease was returned to the plaintiff signed by the defendant, as guarantor, and by Thomas J. Gaines, Jr.," was not a compliance with the provisions of § 874 of the General Statutes requiring that if the defendant intends to controvert " the execution or delivery of any written instrument or recognizance sued upon, he shall deny the same in his answer specifically." The answer made was equivalent to a statement that the defendant could not in good faith deny the execution of the guaranty, but that he would not admit it. *Sayles* v. *FitzGerald*, 72 Conn. 391. But it is only when specifically denied, that the plaintiff is required to prove such execution.

The failure to affix a revenue stamp to the lease did not render it inadmissible. The provisions of § 14 of the United States Internal Revenue Law of 1898 do not affect the use as evidence in the State courts of an instrument from which a stamp has been omitted. *Griffin* v. *Ranney*, 35 Conn. 239; *Green* v. *Holway*, 101 Mass. 243; *Cassidy* v. *St. Germain*, 46 Atl. Rep. (R. I.) 35.

The letters received by the plaintiff in reply to those written

by her to the defendant, and that of the plaintiff's attorney to the defendant, in connection with the other facts of the case, were relevant evidence to prove the execution of the contract of guaranty; but as the plaintiff upon the pleadings was not required to prove that allegation of the complaint, the question of their admissibility becomes unimportant in this case.

The undertaking of the defendant was an absolute, not a conditional, guaranty, and the plaintiff was therefore not required to make further efforts to collect the rent from the lessee in order to enable her to maintain an action against the guarantor. The defendant became liable upon the default of the lessee. *Camp* v. *Scott*, 47 Conn. 366, 379; *Tyler* v. *Waddingham*, 58 id. 375, 393; *Beardsley* v. *Hawes*, 71 id. 39.

It is true there must have been a legal consideration for the contract of guaranty, but such consideration need not have moved from the plaintiff to the defendant. If the guaranty was executed contemporaneously with the lease and was an essential ground of the credit extended to the lessee, that was a sufficient consideration. *Cowles* v. *Peck*, 55 Conn. 251, 256; Brandt on Sur. & Guar. § 15. If the guaranty was executed subsequently to the lease, it will be deemed to have been made contemporaneously with it, if delivered at the same time and before the lessee was permitted to occupy the rooms. *Kennedy, etc., Co.* v. *S. S. Construction Co.*, 123 Cal. 584.

The consideration stated in the guaranty, namely, "the letting of the premises above described," was a sufficient one, and was proved by the facts showing that the lease signed by the lessee was not delivered to the plaintiff until after it had been signed by the defendant, that it was so executed and delivered before the commencement of the term, and before the lessee commenced his occupancy, and that the plaintiff rented the rooms to Thomas J. Gaines, Jr., upon the faith of the defendant's guaranty.

There is no error.

In this opinion the other judges concurred.