S. KOSSON & SONS, A CORPORATION, PLAINTIFF-APPEL-
LEE, v. MARTIN D. HARRIS, DEFENDANT-APPELLANT.

Submitted January term, 1930—Decided July 1, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the appellant, *Filbert L. Rosenstein.*

For the appellee, *Aaron Heller.*

PER CURIAM.

This is an appeal from a summary judgment for $1,633.37,
entered upon the striking out of an answer.

The plaintiff-appellee brought suit against the defendant-
appellant for $1,770. The action was based upon a written
contract between the plaintiff-appellee and the Roman Realty
and Construction Company under which the former fur-
nished glass in a building being erected by the latter at
Springfield avenue and Forty-second street, Irvington. The
payment of the consideration under this contract by the
Roman Realty and Construction Company was guaranteed
by the appellant in a written undertaking.

We can pass by the issues raised, or attempted so to be,
by the pleadings.

Upon the motion to strike out the answer the following facts were brought forth.

The plaintiff-appellee asserted that it had fully performed its contract by furnishing the materials called for; that the agreed price was $1,850, against which $100 was credited as the result of a mutually agreed change, leaving a balance of $1,750, and that there was an agreed upon extra item of $20, making the total amount due and demanded $1,770. Further, that appellant requested the appellee to sign a postponement of its right of lien against the lands to the lien of a mortgage, which appellee refused to do until appellant guaranteed its claim of $1,770, which he thereupon did.

The appellant admitted that the appellee had substantially performed its contract except that it had omitted to place certain grills, the installing of which would cost $300 and denied that the appellee was requested to execute a postponement of its lien and that to secure such postponement, he, the appellant, had guaranteed the account. But, asserted the appellant, "the true facts are that after the plaintiff executed its contract with Roman Realty and Construction Company it refused to proceed with its work and insisted that I guarantee the contract although it had already been signed by plaintiff and the Roman Realty and Construction Company. What guaranty I did sign was signed two days after the original contract was signed and hence without any consideration whatsoever."

Appellant further asserted in his affidavit that the copy of the contract and guaranty as annexed to the appellee's affidavit was not correct in that the date of the guaranty as April 5th, 1928, was false, but that the truth was that Irwin Kosson of the appellee company came to his home on the afternoon of April 7th and requested him to sign the guaranty, which was after its contract with the Roman Realty and Construction Company had been signed.

The Circuit Court judge, before whom the matter was heard, ordered the entry of summary judgment against the appellant for $1,450 and interest from September 10th, 1928, this being the full amount of the claim of $1,770, less the

extra item of $20, admittedly not covered by the guaranty and the sum of $300 asserted by the appellant as the cost of installing certain grills which it is said should have been but were not installed by the appellee.

This order of the learned trial judge is based upon the admission of the appellant that his guaranty was given when the appellee refused to perform its contract unless and until the consideration was guaranteed and secured.

While the appellant urges a reversal of this judgment in a rather voluminous brief, under several points the gist of the argument is that the guaranty of the appellant was without consideration and therefore *nudum pactum.*

The theory or principle upon which the learned Circuit Court judge based his order was that where an executory contract exists which before performance the contractors refuse to perform unless the consideration thereof is secured or guaranteed by a third party, such a contract of guaranty is to be regarded as made contemporaneously with the main contract and is supported by the consideration of the principal contract. Citing *Garland* v. *Gaines (Conn.)*, 49 *Atl. Rep.* 19, and *Hirsch* v. *Chicago Carpet Co.*, 82 *Ill. App.* 234.

In this conclusion we concur and to the authority cited by the court below may be added 28 *C. J.* (*Title Guaranty*) 917, &c.

The judgment below is affirmed, with costs.