S. KOSSON & SONS, A CORPORATION, RESPONDENT, v. MARTIN D. HARRIS, APPELLANT.

Submitted February 13, 1931—Decided May 18, 1931.

For the respondent, *Heller & Boss* (*Aaron Heller*, of counsel).

For the appellant, *Filbert L. Rosenstein.*

The opinion of the court was delivered by

KAYS, J.  This is an appeal from the New Jersey Supreme Court.  The suit was instituted in the Passaic County Circuit Court by the plaintiff, S. Kosson & Sons, a corporation, against Martin D. Harris, defendant.  The amount involved was $1,770.  The action was based on a written contract made between S. Kosson & Sons, the plaintiff below, and the Roman Realty & Construction Company, another corporation, the payment of the consideration of which said contract was alleged to be guaranteed in writing by the defendant, Martin D. Harris.  After answer was filed by defendant a motion was made to strike out the answer on the ground that the same was sham and frivolous and filed for the purpose of delay.  The learned Circuit Court judge, who heard the motion based upon the affidavits, struck out the answer and the defendant appealed to the New Jersey Supreme Court which sustained the ruling of the Circuit Court.  The order of the learned trial judge is based on the admission of the defendant below that his guaranty was given when the plaintiff refused to perform its contract unless and until the payment of the consideration for such contract was guaranteed or secured.

The contract between the plaintiff and the Roman Realty & Construction Company was for the installation of plate glass together with the necessary copper frames and sills, panels and show windows for certain store fronts situate on Springfield avenue, Irvington, New Jersey.  The contract was dated April 5th, 1928, and was in the following language:

"S. Kosson & Sons
149 Second St.
Passaic, N. J.

GLASS CONTRACT

April 5th, 1928.

ιI, the undersigned, hereby order set for job at Springfield avenue and Forty-second street, Irvington, New Jersey, the following:

Plate glass for store fronts, returns and store entrance doors, copper prismatic glass for upper fronts, inside set Kalemin copper frames with vent, sills, also copper panels below show windows with grill in each window for the sum of eighteen hundred fifty ($1,850) dollars to be paid after completion of work by ninety-day note with interest. Endorsed by me personally.

It is expressly agreed that this order cannot be countermanded by me and that this contract covers all agreements between the parties hereto.

ROMAN REALTY & CONSTRUCTION CO.
Address 384 East 37th St., Paterson.
Roman Effros, by M. D. H.

Accepted.
S. Kosson & Sons,
By I. J. Kosson.

For value received, I hereby personally guarantee payment of the amount of the within contract.

MARTIN D. HARRIS."

The affidavits disclose that the guaranty appeared on the reverse side of the contract and was signed "Martin D. Harris." It was conceded that the guaranty clause was not executed until two days after the giving of the order above mentioned and the acceptance of the same by the contractor. The defendant set up in his affidavits that there was no consideration to support the alleged guaranty. It appears that the guaranty was no part of the original contract. The appel-

lant here contends that because there was no consideration for the guaranty and because the plaintiff was already under contract with a third person to perform the same when the guaranty was made, that the defendant, Harris, is not liable and that his answer was a proper and legal defense and should not have been stricken out. The plaintiff claims that the guaranty was part of the original contract and although signed two days after the contract the consideration was good, for the reason that the plaintiff refused to proceed with the work under the contract unless the payment of the consideration for the same was guaranteed by Harris. The theory upon which the Supreme Court based its opinion was that where an executory contract exists, which before performance, the contractor refuses to perform unless the consideration is guaranteed by a third party, that such a contract of guaranty is to be regarded as made contemporaneously with the main contract and is supported by the consideration of the principal contract. In support of this theory respondent cites *Garland* v. *Gaines* (*Conn.*), 49 *Atl. Rep.* 19; *Hirsch* v. *Chicago Carpet Co.*, 82 *Ill. App.* 234, and authorities cited in 28 *Corp. Jur.* 917, *&c.* We are of the opinion that the cases cited do not support the conclusions reached in the court below. In the case of *Garland* v. *Gaines, supra,* it was held where a contract of guaranty was annexed to a lease and the lessor refused to allow the lessee to occupy the premises until such guaranty was executed, execution will be deemed to be contemporaneous with that of the lease if delivered at the same time, although in fact such guaranty was executed subsequently. This decision was based upon the theory that when the lease was executed the execution of the same was conditional upon its being guaranteed. This was the same theory upon which the case of Hirsch *v.* Chicago Carpet Company was decided. In regard to the other cases referred to in *Corp. Jur., supra,* they are either based upon the theory which controlled the above-mentioned cases or there was a real consideration in the form of forbearance to bring suit. In the case at bar the affidavits disclosed affirmatively that the guaranty was no part of the original contract. It was not

attached to the original undertaking but appears to have been an added obligation made by a new party two days later, upon the request of the plaintiff. We are therefore of the opinion. that the court below erred in affirming the Circuit Court and that the guaranty was made after the contract and without independent consideration. The contract and the guaranty were not, in contemplation of law, one and the same agreement, as we must assume for this argument that the answering affidavits of the defendant are true. Such a guaranty is strictly construed and must be supported by a consideration moving to the guarantor or the renunciation of something substantial by the party who is guaranteed and that something must be more than a mere consent to do what the law requires should be done. In the case of *Schaus* v. *Henry*, 89 *N. J. L.* 607, this court held, where a note had been delivered between the parties, after which a third party endorsed the same, promising to pay the debt of the maker, that this promise of the third party required a new consideration to support it.

The respondent refers to the following wording of the contract, to wit: "to be paid after completion of work by ninety-day note with interest. Endorsed by me personally.

(Signed) Roman Realty & Construction Co.

ROMAN EFFROS, by M. D. H."

The respondent contends that the defendant was liable on the contract because it claims according to the above language that Harris agreed to endorse a ninety-day note upon the completion of the work. It is not clear from the facts set out in the pleadings as to whom the words, "endorsed by me personally," were intended to refer. Roman Effros was the president of the construction company. The affidavit of the defendant, Harris, sets forth that he was the agent of the Roman Realty and Construction Company at the time of the negotiation of the contract. The contract itself is in the first person throughout and is signed "Roman Realty & Construction Co., Roman Effros, by M. D. H." From this it would appear that the note was to be endorsed by Roman

Effros, if by anyone, as his is the only person's name which appears on the contract, except the initials "M. D. H." "M. D. H." apparently had some authority to sign the company's and Roman Effros' name thereto. The affidavits in the case disclose no different view and the answer denies that Martin D. Harris was to endorse the note personally. We think therefore there is no merit in this contention.

For the above reasons the judgment of the court below is reversed and the answer allowed to stand.

*For affirmance*—DALY, WELLS, JJ.   2.

*For reversal*—TRENCHARD, PARKER, LLOYD, CASE, BODINE, VAN BUSKIRK, KAYS, DEAR, JJ.   8.