## UNION AND NEW HAVEN TRUST CO.
### vs.
## HEJAZ GROTTO BUILDING ASSOCIATION, INC.

Superior Court      New Haven County      File #46176

Present:  Hon. ALLYN L. BROWN, Judge.

Wynne & Emanuelson,      Attorneys for the Plaintiff.

J. M. Chapnick,      Attorney for the Defendants.

### MEMORANDUM FILED JULY 12, 1935.

BROWN, J.  The grounds of demurrer as claimed by these two defendants in argument are identical and boil down to: (1) the action was prematurely brought; and (2) there is

misjoinder of causes of action. So far as the action against the defendant Association is concerned (1) is obviously without merit, being predicated only upon the contention that no liability can arise as to the defendant guarantor Levine until the plaintiff has first exhausted his remedies against the defendant Association.

Whether (1) is a sufficient ground of demurrer as to the action against the defendant Levine depends upon whether or not paragraph 2 of the complaint sets forth an absolute guaranty giving rise to an unconditional obligation upon the part of the defendant Levine as guarantor to satisfy his stated part of the obligation at maturity, or merely a **conditional** guaranty which does not have this effect. Whether (2) is a sufficient ground of demurrer as to the action against each of these defendants, depends upon the determination of the same question.

"On an absolute guaranty the guarantor is unconditionally bound to satisfy the obligation at its maturity. There is no obligation on the part of the creditor to proceed against the principal debtor, and if the latter fails to pay, an action may generally be maintained against the guarantor, without demand or legal proceedings against the principal." **12 R.C.L. 1089, §42; Garland vs. Gaines, 73 Conn. 662, 666** But a conditional guaranty is an agreement in the nature of a contract guaranteeing collection, "no liability being incurred until after, by the use of due diligence, the guarantee has become unable to collect the debt from the principal debtor." **12 R.C.L. 1064, §13.** Under the former, "after maturity of the obligation and default of the principal debtor, the guarantor becomes primarily liable." **12 R.C.L. 1054, §2.**

Applying these principles, it logically follows that if there was an absolute guaranty here; since the note had matured, the action was not prematurely brought as to either of these defendants; and under §5512 (7) of the General Statutes the two causes of action were not improperly joined.

It is my conclusion that the vital and controlling question of whether the agreement alleged in paragraph 2 of the complaint is an absolute guaranty is one which can only be properly determined upon a hearing upon the merits, and should not be decided upon this demurrer. This is true because the surrounding circumstances and relevant extrinsic facts, as well

as the terms of the writing itself, are to be considered in arriving at its true meaning. 12 R.C.L. 1055, §3, and 1075, §25.
Both demurrers are overruled.