## SAVINGS BANK OF NEW BRITAIN
### vs.
## TRUMAN L. WEED, ET AL

Superior Court     Hartford County     File #50194
Present: Hon. ALLYN L. BROWN, Judge.

Charles Gross,
Willis G. Parsons,     Attorneys for the Plaintiff.

Josiah Peck & Frederick Waterhouse,
Gaffney & Gaffney,
Camp & Camp,     Attorneys for the Defendants.

121 Conn. 414     **MEMORANDUM FILED NOVEMBER 20, 1935.**

BROWN, J. This is an action against the estate of one signer and five surviving signers of a written guaranty of payment of the negotiable demand note for $125,000. of the Masonic Temple Corporation of New Britain, Incorporated, dated November 14, 1928, payable with interest semi-annually in advance, to the plaintiff. Upon the undisputed evidence the amount due the plaintiff on the note on October 15, 1935, the date of trial, was $95,000. principal, and $8,282.29 interest, totaling $103,282.29. Interest at $5\frac{1}{2}$ per

cent from October 15, 1935 to date on $95,000.00, of $508.25, added, makes a total of $103,790.54, which I find to be the sum now due the plaintiff upon the note. The question to be determined is as to whether the defendants are liable to the plaintiff therefor.

Just prior to it and to induce the plaintiff to make the loan evidenced by the note, E. J. Porter whose estate is a defendant herein and the other five defendants executed and signed on the lower part of the note, this written agreement to the plaintiff: "For value received, we hereby, jointly and severally, guarantee the payment of the within note, both principal and interest, according to its tenor, and hereby expressly waive all demand and notice of protest." Relying upon this agreement of the defendants, the plaintiff advanced to the Masonic Corporation the $125,000. for which the note was given. Under their answers the defendants rely upon two grounds of defense which may be summarized as follows: (1) The plaintiff failed to demand payment of the note by the Masonic Corporation as maker, prior to this action brought, thus maturing it into a debt due. Therefore the defendants as guarantors are not liable, in this action. (2) Upon the execution of the note the plaintiff agreed with the Masonic Corporation as maker, that the note would be demanded within three years which was a reasonable time for demanding payment thereof, but the plaintiff failed to make such demand of the maker within a reasonable time, but thereafter and before this suit brought, granted to the maker extensions of the time for payment without the assent of the defendants, and further without reserving a right of recourse against them, at such time also accepted interest for six months in advance from the maker.

Consideration of the first ground of defense suggests two questions: (1) As a matter of law, was any demand by the plaintiff of the Masonic Corporation for payment, before suit brought, essential to the perfecting of its cause of action against the defendants? (2) If it was, does the evidence establish that what was legally necessary to this end was done by the plaintiff so that an effective demand was made. To discuss these questions in their order, it is my conclusion that the answer to the first is no, for two reasons.

This guaranty, as is undisputed and in fact expressly admitted by the brief of at least one of the defendants, is as its

wording makes clear, an absolute, as distinguished from a conditional guaranty. **28 C.J. 895; 12 R.C.L. 1064 §13; Garland vs. Gaines, 73 Conn. 662, 666; Beardsley vs. Hawes, et al., 71 Conn. 39, 42.** Therefore a demand upon the guarantor was no prerequisite to the plaintiff's right of action upon the guaranty. **12 R.C.L. 1094, §47; Note 21 Ann. Cases 546.** But by the terms of the guaranty here, the defendants "expressly waive all demand." . In the absence of evidence to the contrary it is not to be assumed that the clause quoted as used by the parties was futile and without meaning. If the law is as the defendants contend, that demand upon the maker is an essential condition precedent to liability of guarantors of a demand note, it should therefore. be construed to refer to demand upon the maker and not upon the guarantors. If such is held to be the law I therefore conclude that the defendants' express waiver in this case obviates the necessity for any demand upon the maker on the situation here established by the evidence.

But it is my further conclusion that though this "waiver" be held to have no effect, prior demand upon the maker is no prerequisite to liability of the guarantors upon their agreement. Under the decisions there can be no question that this is the law of this state where such a guaranty relates to an obligation of the maker to pay a definite amount at a time certain which has passed. **Garland vs. Gaines, supra, at 666,** and cases there cited. The defendants' contention is, however, that where the maker's obligation is a demand note as here, the law does require such prior demand upon him. No authority precisely in point, however, is cited in support of this proposition. The following is a summary statement of the law as to absolute guaranties in this connection: "On an absolute guaranty the guarantor is unconditionally bound to satisfy the obligation at its maturity. There is no obligation on the part of the creditor to proceed against the principal debtor, and if the latter fails to pay, an action may generally be maintained against the guarantor, without a demand or legal proceedings against the principal." **12 R.C.L. 1089, §42.** The defendants contend that "generally" as here used indicates that there is an exception to the rule when a demond note is concerned. This the plaintiff denies.

In so far as its "maturity" is concerned, the great weight of authority including the decisions of our own Supreme

Court, is to the effect that "paper payable on demand is due immediately, so that an action can be brought at any time without any other demand than the suit." **8 C.J. 406, §602 (1); Old Alms House Farm vs. Smith, 52 Conn. 434, 437; Seymour vs. Continental Life Insurance Co., 44 Conn. 300, 307.** Does a different rule as to the maturity of their obligation concerning the demand note here apply as to these defendant guarantors? In the case of an absolute guaranty the guarantor's liability "is governed by the same rules of law by which the ordinary liability of one who has broken his contract is determined. And this being so, if one guarantees in absolute terms the performance of a specific act or contract by another, his liability being commensurate with that of the principal, whatever proof is necessary to support an action against the principal will be sufficient in an action against the guarantor. . . . . Having guaranteed absolutely and unconditionally that another shall perform a certain specific contract, he must, at his peril, see that the contract is performed." **105 Am. St. Rep. 517, Note.** It is my conclusion that at any rate under the facts in this case, where the vote of the Masonic Corporation's Board of Directors on November 2, 1934 amounted under the circumstances then existing to a default of payment by it, the same facts which effected a maturity of the maker's obligation effected the maturity of the guarantors' obligation as well, and that therefore no demand upon the maker precedent thereto was necessary.

Upon a different theory, the same conclusion that no demand is necessary is supported by the decision in the recent case of **Broadway Bank and Trust Company vs. Longley, 116 Conn. 557,** which holds that where there is such an absolute guaranty of a demand note as here, "a cause of action accrued" upon the guaranty "as soon as the note was executed and delivered." **At page 560.** Accordingly it was there held that any cause of action upon the guaranty was barred by the statute of limitations six years from the delivery and execution of the note. The maturity of the guarantor's obligation in such a situation is so fixed by the execution and delivery of the note. From this must follow the only logical conclusion with regard to demand upon the maker, that none is required. I hold this to be the law, and decisive, aside from the default by vote of the maker above recited.

It may further be properly observed in passing that since

no damage to the defendants resulting from a failure to make demand upon the maker of the note is either alleged or proved, the lack of such demand cannot avail the defendants here in any event. **Jaronko vs. Czerwinski, 117 Conn. 15, 21.**

But had I come to the opposite conclusion, that a lack of such demand would be fatal to the plaintiff's cause of action, I must still hold that the defendants cannot prevail on their first ground of defense above recited, for I am satisfied that the plaintiff did make a sufficient demand of the Masoni-, Corporation as maker, before bringing this action against the defendants as guarantors. I find that the declaration by Attorney Alling on behalf of the plaintiff at the May 19th, 1934 meeting of the Masonic Corporation's directors, in sub-stance to the effect that "the note will have to be paid or some extension arranged by November 1st, 1934," and the reiteration of the same statement by him and by President Stanley of the plaintiff at the October 30th, 1934 meeting with the Masonic Corporation's officers at the Bank, consti-tuted sufficient demand under the law. Not only these state-ments made, but the plaintiff's clear intent that the maker must act in accord therewith, and the full understanding by the directors of the latter, both of the demand made and the Bank's insistence upon their compliance therewith, are fully established by the positive testimony of the plaintiff's wit-nesses, the admissions of certain of the defendants on cross-examination, some of the correspondence in evidence, and certain of the corporate records also introduced. Even though the very technical requirements as to the nature of demand on the maker essential to charge the guarantor, which are suggested in the briefs of some of the defendants, be held applicable in certain cases under the law, in this case where the defendants were fully conversant with the demand made by the plaintiff of the Masonic Corporation for months before suit was finally brought, climaxed by a registered letter from the latter to each of them stating it could not refinance the mortgage which "must be taken care of before November 14, 1934," both reason and justice cry out against such a result, and I conclude that this case is not one of them.

The second ground of defense above recited is an affirmative defense and the burden rests upon the defendants to prove it. This they have failed to do. The witness Stanley for the plaintiff, who admittedly made whatever arrangement con-

cerning the loan was made, categorically denies any such agreement. None of the evidence offered by the defendants goes beyond any expression of hope or expectation by those most interested that the loan would be substantially reduced if not paid off in full, apparently from the subscriptions to the building fund or otherwise, within some three years time. This falls far short of establishing an effective agreement upon which the defendants rely in this connection. Nor does the evidence disclose any extension granted by the plaintiff to the maker beyond a reasonable time under the circumstances for demanding payment of the note. I find that the defendants have failed to sustain their burden of proving this defense.

In view of my conclusions above outlined the plaintiff is entitled to judgment against all of these defendants who are jointly and severally bound by their guaranty. Judgment may be entered for the plaintiff to recover of the defendants $103,790.54, plus its costs.