[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas J. Wall, Jr., brings this action to foreclose a mortgage interest in property owned by the defendant, Genevieve Holmes. The defendant alleges as a special defense that the obligation has been satisfied. The case was scheduled for a trial on a date certain. After the scheduling order was issued, the defendant filed a motion to amend to add various counterclaims. The motion to amend was denied at the inception of the scheduled trial.
The court finds the facts to be as follows. In May 1978, the defendant's daughter was going through a divorce and desired that a house lot she was buying from the plaintiff, Thomas J. CT Page 10684 Wall, Jr., be recorded in the name of her mother, defendant Genevieve Holmes. While the defendant has no specific recollection of signing a note and mortgage deed, she acknowledges that the signatures on both documents look like hers, and she acknowledges herself to be the record owner of the property, which is known as 28 McNabola Lane in Wallingford. She has listed the property for sale as its owner.
The mortgage note, (Ex. A.), dated May 12, 1978, obligates the signer to pay the plaintiff $20,000.00 on demand with annual interest of six percent on the unpaid principal, together with all costs of collection. The defendant signed a mortgage deed to secure this note (Ex. B.). The warranty deed conveying title to the defendant was promptly recorded in the office of the Wallingford Town Clerk, however, for reasons which were not inquired into by counsel, the plaintiff did not record the mortgage deed until June 8, 1987.
A house was built on the lot conveyed by the plaintiff to the defendant, and the defendant encumbered the property with a mortgage recorded by the Dime Savings Bank of Wallingford on May 16, 1978.
No part of the $20,000.00 or purchase price has been paid to the plaintiff, nor has any interest been paid. The plaintiff made no demand for payment of principal or interest before filing this action.
The parties stipulated that the present fair market value of the property, including the house, is $155,000.00.
The defendant's claim that the note is unenforceable because of the failure of the plaintiff to make demand must fail. Section 42a-3-501 C.G.S. provides that demand is necessary only as to secondary parties, such as endorsers or guarantors. No demand other than the institution of a suit for payment is required as to the maker of a note. Savings Bank of New Britain v. Weed, 3 Conn. Sup. 136, aff'd, 121 Conn. 414 (1936); C.J.S. Bills and Notes, 345.
In accordance with the terms of the note, the plaintiff is entitled to recover $20,000.00 plus interest at the rate of six percent from May 12, 1978 to date. The plaintiff's failure to record the mortgage deed does not impair the enforceability of the obligation.
CT Page 10685 The court finds the debt to be $20,000.00 plus interest to date in the amount of $17,395.49. The plaintiff shall also recover attorney's fees in the amount of $2,000.00 and $450.00 for the appraiser's fee for preparing the appraisal and testifying in court.
A judgment of foreclosure by sale shall enter in accordance with the judgment entered this date. The plaintiff shall recover his court costs.
Beverly J. Hodgson Judge of the Superior Court