[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Douglas R. Daniels, appeals from a reprimand issued to him on September 1, 2000 by a reviewing committee of the defendant, statewide grievance committee. The reviewing committee found by clear and convincing evidence that the plaintiff violated rule 8.4(4) of the Rules of Professional Conduct[1] for failure to timely pay a civil judgment entered against him to the complainant, Barbara Butler, and Practice Book § 2-32(a)(1)[2] by failing to answer the grievance complaint filed by Butler. The reviewing committee also found that the plaintiff failed to appear in the related civil lawsuit filed by Butler in violation of rule 8.4(4) of the Rules of Professional Conduct. Following the issuance of the reviewing committee's decision, the plaintiff timely filed a request for review of the decision with the statewide grievance committee pursuant to Practice Book 2-35(g). On April 21, 2000, the statewide grievance committee issued its decision affirming the plaintiff's reprimand but concluding that the plaintiff did not violate rule 8.4(4) of the Rules of Professional Conduct by failing to appear in the civil lawsuit.
The following facts and procedural history are relevant to this appeal. On or about October 3, 1997, Butler retained the plaintiff to represent her in a legal separation from her husband. (Return of Record ("ROR"), Item 9, pp. 18-19; Item 12, p. 85.). She paid the plaintiff a $5000 retainer for the representation on or about October 5, 1997. (ROR, Item 9, pp. 20-21; Item 10, p. 67.) On October 30, 1997, the plaintiff finally provided Bulter with a retainer agreement, which stated that the $5000 retainer fee was non-refundable. (ROR, Item 9, p. 23.) CT Page 9328
In late October of 1997, Butler decided that she was not going to proceed with the legal separation from her husband. (ROR, Item 12, p. 85.) At that time, Butler did not request that the plaintiff return her retainer because she was uncertain about whether she wanted to proceed with the legal separation and felt safe leaving the money in the plaintiff's client trust account since the plaintiff was an acquaintance of her father. (ROR, Item 9, pp. 24-25; Item 12, p. 85.) Butler reconciled with her husband in April of 1998. (ROR, Item 9, p. 25.)
Thereafter, Butler sent three letters to the plaintiff over a period of four months, the last letter by certified mail, seeking a return of the retainer. (ROR, Item 9, pp. 28-29; Item 10, pp. 71-72; Item 12, p. 85.) The plaintiff failed to respond to any of Butler's letters. (ROR, Item 9, pp. 28-29; Item 10, pp. 71-72; Item 12, p. 85.)
Butler then hired an attorney, who sent the plaintiff two additional letters to retrieve her funds. (ROR, Item 9, p. 29.) Again, there was no response from the plaintiff. (ROR, Item 9, p. 29.) Butler's attorney then filed a lawsuit in order to collect her retainer. A copy of her lawsuit was-served "in hand" on the plaintiff by deputy sheriff on December 30, 1998. (ROR, Item 12, p. 85.) The plaintiff failed to appear in the civil action despite being "a litigator, primarily." (ROR, Item 9, p. 44.) On March 30, 1999, two years after she had consulted with the plaintiff, Butler obtained from the court a default judgment against the plaintiff in the amount of $5,708.90. (ROR, Item 1, p. 2; Item 12, p. 85.) On July 1, 1998, Butler's attorney wrote to the plaintiff notifying the plaintiff by mail of the default judgment. (ROR, Item 10, p. 79.)
Because the plaintiff failed to pay the judgment, Butler filed a complaint with the statewide grievance committee on October 4, 1999, which was referred to the geographical area six grievance panel. (ROR, Item 4, p. 8.) On October 6, 1999, the office of the statewide bar counsel sent the plaintiff, by certified mail, a copy of Butler's grievance complaint with an explanatory covering letter. The grievance complaint was mailed to the plaintiff at both 123 York Street and 234 Church Street in New Haven. (ROR, Item 3, p. 6.) On November 15, 1999, counsel to the local grievance panel wrote to plaintiff to remind him that his answer to the grievance complaint was overdue. (ROR, Item 9, p. 30.) Finally, in the Fall of 1999, counsel for the local grievance committee spoke to the plaintiff and advised him that his failure to pay the judgment could result in the finding of misconduct. (ROR, Item 9, p. 30.) Despite this, the plaintiff failed to pay the judgment and did not file an answer to the grievance complaint.
On March 13, 2000, the local grievance panel filed its finding of CT Page 9329 probable cause with the statewide grievance committee finding that the plaintiff violated rules 1.4 and 8.4 of the Rules of Professional Conduct and § 2-32 of the Practice Book. (ROR, Item 7, p. 11.) Approximately two days before the May 4, 2000 hearing on Butler's grievance complaint, the plaintiff paid Butler $6578.46, which represented the judgment plus post judgment statutory interest often percent. (ROR, Item 9, pp. 30-33; Item 12, p. 86.)
The scope of the court's review for statewide grievance committee decisions is very limited. While the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-166 et seq. does not apply to the statewide grievance committee, the same principles as to the scope of judicial review are applicable. Pinsky v. Statewide Grievance Committee,216 Conn. 228, 234 (1990). In reviewing the decision of the statewide grievance committee, the court does not take on the function of a fact finder. Somers v. Statewide Grievance Committee, 245 Conn. 277, 290
(1998). Rather, the court's "role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . ." (Citation omitted; internal quotation marks omitted.) Weiss v. Statewide Grievance Committee, 227 Conn. 802, 812
(1993).
Additionally, allegations of attorney misconduct must be proven by clear and convincing evidence. Statewide Grievance Committee v.Presnick, 215 Conn. 162, 171-72 (1990). "The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing evidence. . . ." (Citation omitted.) Weiss v.Statewide Grievance Committee, supra, 227 Conn. 812. "Clear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the fact in issue in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . The burden is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Brackets omitted; citations omitted; internal quotation marks omitted.) Yamin v. Statewide Grievance Committee, 53 Conn. App. 98,100-01 (1999); see Dacey v. Connecticut Bar Assn., 170 Conn. 520, 537
(1976).
In the present case, the reviewing committee concluded there was clear and convincing evidence that the plaintiff failed to timely pay the judgment despite having been served with Butler's civil complaint by "in hand" service by deputy sheriff and being twice notified and advised by the local grievance counsel of the perils the plaintiff could suffer. The CT Page 9330 notice to plaintiff could not have been more compelling. The argument advanced by the plaintiff that failure to pay a judgment is not a violation of rule 8.4(4) of the Rules of Professional Conduct simply does not past muster. This is not the type of garden variety judgment that attorneys are occasionally faced with but one that goes to the core of the judicial process and is directly related to the attorneys oath and practice of law. While it is correct that had this been a routine collection matter completely unrelated to the practice of law, the failure to appear and the allowance of a judgment by default to enter would probably not constitute conduct prejudicial to the administration of justice. The court is not required to minutely dissect a violation of a rule of professional conduct and not consider the source and underlying reason for the complaint. To do so would defy logic and common sense.
Furthermore, a finding of intent by the reviewing committee is not a prerequisite to a finding of an ethical violation. Our Supreme Court, has found that scienter is not essential for the occurrence of an ethical violation. Patterson v. Council on Probate Judicial Conduct, 215 Conn. 553,567 (1980). "Judges no less than lawyers are chargeable for deviations from the codes governing their conduct, even though the application of the canons to particular circumstances may not be readily"(Citations omitted.) Id., 567; Grievance Committee v. Rottner, 152 Conn. 59, 65-66
(1964). "A judge may be sanctioned for a wilful violation of one of the canons of judicial conduct if he intended to engage in the conduct for which [he] is sanctioned whether or not he knows that he violates the rule." (Brackets omitted; citations omitted; internal quotation marks omitted.) In re Flanagan, 240 Conn. 157, 183 (1997), cert. denied,522 U.S. 865, 118 S.Ct. 172, 139 L.Ed.2d 114 (1998).
The plaintiff's claim that he did not receive a copy of the complaint from the statewide bar counsel and that the record fails to disclose a copy of the certified mail receipt is equally unavailing. There is a presumption that the complaint and accompanying cover letter was received. Garland v. Gaines, 73 Conn. 662, 664 (1901). An examination of the record makes clear that the plaintiff was aware of the complaint long before the grievance panel concluded there was probable cause for a violation of rule 8.4(4) of the Rules for Professional Conduct and Practice Book § 2-32(a)(1). There is clear and convincing evidence in the record that the plaintiff violated the code of professional responsibility.
Accordingly, the plaintiff's appeal is dismissed and the statewide grievance committee's decision is affirmed.
OWENS, J. CT Page 9331