[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES (#110)
In this foreclosure action the plaintiff has moved to strike the defendant's special defenses to the first and third counts of its complaint. For the reasons given below, the plaintiffs motion to strike each and every special defense must be granted on the ground that they are all legally insufficient as invalid defenses to a foreclosure action.
 FACTS 
On January 31, 2002, the plaintiff, LLP Mortgage Ltd., filed a three count complaint against the defendants, Frank J. Gurski and Lynn Gurski. In the first count, the plaintiff alleges that on July 15, 1991, the defendant Frank J. Gurski's employer, Indicon, Inc., executed a note in the amount of $300,000 in favor of Brookfield Bank and that the defendants mortgaged a parcel of land at 2 Golf Course Road in order to secure the amount due under the note. After a series of transactions between May 8, 1992 and August 31, 2000, the plaintiff alleges that it became the owner of the note through assignment from the Federal Deposit Insurance Corporattion and recorded said assignment on December 20, 2001. The plaintiff further alleges that parties defaulted on the loan and that it twice sent written notice of default and demand for payment to the defendants in October and November of 2001 without either demand being met. It alleges that as of December 31, 2001, $428,694.90 is due on the loan and that interest will continue to accrue until the loan is paid in full at the rate of $78.44 per day.
The second count alleges that the defendant Frank J. Gurski personally guaranteed payment of the loan when he signed a Guaranty on July 15, 1991. The third count alleges that the defendant Lynn Gurski personally guaranteed payment of the loan when she signed a Guaranty on July 15, 1991. The plaintiff claims a strict foreclosure of the mortgage or, in the alternative, a foreclosure by sale, immediate possession of the CT Page 263 property, a deficiency judgment if necessary, the appointment of a receiver, and money damages.
On March 13, 2002, the defendant Lynn Gurski ("the defendant") filed an answer and special defenses. In her special defenses to the first and third counts of the complaint, the defendant alleges four separate defenses. Her first defense alleges that she was neither represented by counsel nor advised to retain independent counsel." Her second defense alleges that "all pertinent facts were not disclosed to her to allow her to make an informed and intelligent decision." The third defense alleges that she did not benefit directly from the loan transaction. The fourth defense alleges that she "was not a shareholder or principal of the corporate maker of the note."
On August 12, 2002, the plaintiff filed a motion to strike each and every special defense of the defendant to the first and third counts of the plaintiffs complaint pursuant to Practice Book § 10-42 of the Practice Book. The plaintiff also filed a memorandum in support of its motion to strike pursuant to § 10-42. On October 1, 2002, the defendant filed an objection to the plaintiffs motion to strike. To date, the defendant has failed to file any memorandum in support of her objection and in opposition to the motion to strike.
 DISCUSSION
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defenses and construe them in the manner most favorable to sustaining their legal sufficiency." (Citation omitted; internal quotation marks omitted.) Barasso v. RearStill Hill Road. LLC, 64 Conn. App. 9, 13, 779 A.2d 198 (2001).
"A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp., supra, 261 Conn. 629. It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). The plaintiff moves to strike the defendant's special defenses on the grounds that she did not plead specific facts to support her defenses and that her defenses are not valid defenses to a foreclosure action and are CT Page 264 therefore legally insufficient. (Plaintiffs Motion to Strike, p. 1.)
"Where the plaintiffs conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles. . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had." (Emphasis added; internal quotation marks omitted.) Fidelity Bank v.Krenisky, 72 Conn. App. 700, 704-05, ___ A.2d ___ (2002). "Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) LaSalle National Bank v.Freshfield Meadows, LLC, 69 Conn. App. 824, 834, 798 A.2d 445 (2002).
"Although some foreclosure proceedings rely on the equitable nature of the proceeding as grounds for allowing counterclaims and defenses not recognized at common law, see e.g., Belford Plaza Ltd v. Nakhai, 5 CSCR 468
(June 8, 1990, Flynn, J.); this trend must have a boundary. An analysis of those cases recognizing equitable defenses and counterclaims suggests that they are proper only when they, like their common law counterparts, attack the note itself, rather than some act or procedure by the mortgagor." Shoreline Bank Trust v. Leninski, judicial district of New Haven, Docket No. CV 92 0335561 (March 19, 1993, Celotto, J.) (8 C.S.C.R. 570).
The plaintiff moves to strike the first special defense to both the first and third counts of its complaint on the ground that they are legally insufficient because they fail to attack the making, validity, or enforcement of the mortgage, they are not a valid defense to a foreclosure action, and they do not allege sufficient facts to establish a fiduciary relationship between the plaintiff and the defendant. First, the defendant alleges that she was not represented by counsel. "Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of themortgage, the note or both. . . ." (Emphasis added; internal quotation marks omitted.) Fidelity Bank v. Krenisky, supra, 72 Conn. App. 705. This defense to the first count makes no attack on the making, validity, or enforcement of the mortgage. Rather, it is simply an allegation of fact pertaining to the time when the defendant executed the mortgage on 2 Golf Course Road. Nowhere does the law state that a party must be CT Page 265 represented by counsel at the execution of a mortgage before a court may permit foreclosure on said party's property.
Furthermore, nowhere does the law provide an exception to the enforceability of a guaranty for the failure to retain legal representation prior to its execution. Even if the court were to read this defense as an attempt by the defendant to allege that she did not understand what she was signing, the defense is legally insufficient. "A guaranty is merely a species of contract." Garofalo v. Squillante,60 Conn. App. 687, 694, 760 A.2d 1271 (2000). "A party may not assert as a defense to an action on a contract that it did not understand what it was signing. It is the general rule that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties." (Internal quotation marks omitted.) John M. Glover Agency v. RDB Building. LLC,60 Conn. App. 640, 645, 760 A.2d 980 (2000). "If the [party] did not understand . . . after reading the note, it was their duty to inquire . . . before signing the note. . . . Where a party realizes he has only limited information upon the subject of a contract, but treats that knowledge as sufficient in making the contract, he is deemed to have assumed the risk of a mistake. . . . The general rule is that when a person of mature years who can read and write signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it, and notice of its contents will be imputed to him if he negligently fails to do so." (Citations omitted; internal quotation marks omitted.) Ocwen Federal Bank v. Rivas, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0368135 (February 21, 2002,Stevens, J.) If the defendant did not understand the terms of the Guaranty, it was her duty to inquire before signing or, otherwise, assume the risk of her mistake. There were various other parties at the execution of the Guaranty, including an attorney representing Indicon, her husband's employer. The defendant could have made inquiries of any of these individuals or refused to sign until she sought representation The defendant assumed the risk of her mistake because she is able to read and write and because she signed the Guaranty without making any inquiries to resolve any questions or misunderstandings she may have had about this document.
The defendant also asserts that she was not advised to retain independent counsel. The defendant omits any reference as to who she is alleging failed to advise her. Assuming arguendo that the defendant is referring to the plaintiffs failure to advise, her defense lacks merit. The plaintiff argues that the defendant makes no allegation that the bank became the defendants' financial advisor therefore establishing a fiduciary relationship. "A lender has the right to further its own CT Page 266 interest in a mortgage transaction and is not under a duty to represent the customer's interest. . . . Generally there exists no fiduciary relationship merely by virtue of a borrower lender relationship between a bank and its customer." (Citation omitted.) Southbridge Associates, LLCv. Garofalo, 53 Conn. App. 11, 19, 728 A.2d 1114 (1999). "It is well settled that a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties. one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Hi-Ho Tower, Inc. v. Com-Tronics,Inc., 255 Conn. 20, 38, 761 A.2d 1268 (2000). Accordingly, neither the plaintiff nor its predecessors owed a fiduciary duty to the defendant to advise her to retain independent counsel. At no time did the lender behave in any manner which created in the plaintiff a duty to advise or otherwise represent the defendant.
The plaintiff argues further that even assuming that it had a duty to advise the defendant, the allegation of these defenses attacks not the mortgage itself, but an alleged act of the plaintiff Again, a valid defense to a foreclosure action must address the making, validity or enforcement of the mortgage or the note, or both, and may not simply attack some act or procedure of the mortgagor. See Fidelity Bank v.Krenisky, supra, 72 Conn. App. 705 and Shoreline Bank Trust v.Leninski, supra, 8 C.S.C.R. 571. The defendant's allegation that someone failed to advise her to retain independent counsel in no manner alleges an affect on the making, validity or enforcement of the mortgage or note. Accordingly, the first special defenses to the first and third counts of the plaintiffs complaint are legally insufficient and must be stricken.
The defendant alleges in her second defense to both counts that all pertinent facts were not disclosed to her to allow her to make an informed and intelligent decision. (Defendant's Answer and Special Defenses, pp. 2-3.) The plaintiff moves to strike the second special defense to the first count on the grounds that it is legally insufficient because it fails to attack the making, validity or enforcement of the mortgage, it fails to allege the required elements of the defenses of the breach of the covenant of good faith and fair dealing and mistake, and it is not a valid defense to a foreclosure action. On its face, the allegation that all pertinent facts were not disclosed to the defendant in no manner attacks the making, validity or enforcement of the mortgage. It attacks actions taken or those not taken by an unnamed party, potentially the plaintiff, i.e. "some act or procedure by the mortgagor." Shoreline Bank Trust v. Leninski, supra, 8 C.S.C.R. 571. Accordingly, this defense is legally insufficient on account of its failure to attack the making, validity or enforcement of the mortgage. CT Page 267
Furthermore, if, as the plaintiff suggests, the defendant attempts to allege that the plaintiff breached the implied covenant of good faith and fair dealing, the defendant failed. "The implied covenant of good faith and fair dealing requires faithfulness to an agreed common purpose and consistency with the justified expectation of the other party in the performance of every contract. . . . Essentially, it is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. The principle, therefore, cannot be applied to achieve a result contrary to the clearly expressed terms of a contract, unless, possibly, those terms are contrary to public policy." (Citation omitted; internal quotation marks omitted.)Southbridge Associates. LLC v. Garofalo, supra, 53 Conn. App. 16. Here, the defendant makes no allegation that the plaintiff breached any contract provisions. Thus, there is no way for the court to discern the reasonable expectations of the contracting parties. On this basis alone, no implied covenant of good faith and fair dealing was breached.
The defendant's second special defense makes no mention of mistake. Nevertheless, the plaintiff construes the defense that all pertinent facts were not disclosed to the defendant as an attempt by the defendant to portray "herself as an unsophisticated layperson who mistakenly executed the Mortgage without having sufficient information." As argued by the plaintiff, this does not sufficiently constitute a defense of mistake. "[W]here a party realizes he has only limited information upon the subject of a contract, but treats that knowledge as sufficient in making the contract he is deemed to have assumed the risk of a mistake." (Internal quotation marks omitted.) Gibson v. Capano, 241 Conn. 725,734, 699 A.2d 68 (1997). Accordingly, the defendant's second special defense to the first count of the plaintiffs complaint must be stricken.
The plaintiff moves to strike the defendant's second special defense to the third count of its complaint on the ground that it is legally insufficient because it is not a valid defense to a foreclosure action and because it fails to allege that the plaintiff made any statement or representation to the defendant or to allege sufficient facts to establish a fiduciary relationship between the plaintiff and the defendant. The defendant has merely alleged silence on the part of the plaintiff. "[A] failure to disclose can be deceptive only if, in light of all the circumstances, there is a duty to disclose." (Internal quotation marks omitted.) Olson v. Accessory Controls Equipment Corp.,254 Conn. 145, 180, 757 A.2d 14 (2000). "Whether or not there is a duty to disclose depends on the relationship of the parties . . . or, to put it in another way, whether the occasion and circumstances are such as to impose a duty to speak. . . ." (Citations omitted.) Roberts v. Paine, CT Page 268124 Conn. 170, 175, 199 A.2d 112 (1938). Here, the defendant makes no allegations that the plaintiff owed a duty to disclose. Again, a lender is under no duty to represent its customer's interest and there generally is no fiduciary relationship between a bank and a customer simply because a borrower relationship is established. See Southbridge Associates. LLCv. Garofalo, supra, 53 Conn. App. 19. Consequently, this special defense to the third count of the plaintiffs complaint must be stricken.
The plaintiff moves to strike the third and fourth defenses to the first count of the plaintiffs complaint on the grounds that they are also legally insufficient for failing to attack the making, validity, or enforcement of the mortgage and that there was sufficient consideration for the mortgage. The plaintiff construes the defendant's special defenses to both the first and third counts that she had no direct benefit from the transaction and that she is neither a shareholder or principal of the corporate maker of the note as defenses asserting a lack of consideration for the mortgage. "[A] claim of lack of consideration for the note . . . on its face, is a valid defense in a foreclosure action." Thomas v. Lieberman, Superior Court, judicial district of Stamford Norwalk, Docket No. CV 99 0171052 (July 5, 2001, Adams, J.)
"Consideration consists of a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." Gianetti v.Norwalk Hospital, 211 Conn. 51, 61, 557 A.2d 1249 (1989). "[W]here consideration for the underlying debt obligation exists, independent consideration between the mortgagee and the mortgagor is not necessary to the enforceability of the mortgage, and the mortgagor's signature on the underlying debt instrument is not required." Sovereign Bank v. Bradley, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV 01 0184761 (March 26, 2002, Tobin, J.) (32 Conn.L.Rptr. 35). In this case, the defendant admittedly executed the mortgage along with her husband in order to secure repayment of a debt owed by Indicon, her husband's employer, to Brookfield Bank and, when she signed the Guaranty, personally guaranteed repayment in the limited amount of the property at 2 Golf Course Road. Thus, the defendant executed this mortgage to secure an obligation of her husband's employer. "[T]he law does not require consideration to move from mortgagee to mortgagor, particularly in circumstances where the spouse of an obligor on a note executes a mortgage to secure his or her spouse's obligation." Sovereign Bank v.Bradley, supra, 32 Conn.L.Rptr. 36. The consideration for this mortgage is the underlying debt owed by Indicon to Brookfield Bank. Accordingly, there was consideration for this mortgage in the form of consideration for the underlying note. Additionally, these defense makes no attack on the making, validity, or enforcement of the mortgage. Therefore, the defenses must fail. CT Page 269
The plaintiff moves to strike the third and fourth defenses to the third count of the complaint on the grounds that they are legally insufficient because neither are a valid defense to this foreclosure action as there was sufficient consideration for the Guaranty. "It is true there must have been a legal consideration for the contract of guaranty, but such consideration need not have moved from the plaintiff to the defendant." Garland v. Gaines, 73 Conn. 662, 666, 49 A. 19
(1901). "It is elementary that execution of a guaranty contemporaneously with a lease, where the guaranty is an essential condition to the lease, is adequate consideration for the guaranty." Heyman v. Spectacle, Inc., Superior Court judicial district of Derby, Docket No. CV5-4733 (August 31, 1992. Mancini, Jr. J.T.R.), quoting Garland v. Gaines, supra,73 Conn. 666.
As argued by the defendant, the present case is similar to those in which a guaranty was executed contemporaneously with a lease. Here, the defendant signed the Guaranty on July 15, 1991, the same day the loan was executed. As evidenced by the language on page one of the Guaranty, its execution was an essential condition to the lease. The guaranty was executed "[i]n order to induce Brookfield Bank, . . . to make a loan or loans . . . to Indicon, Inc. . . ." (Plaintiffs Complaint, Exhibit A, p. 1.) Therefore, there was sufficient consideration for the Guaranty. Accordingly, the plaintiffs motion to strike the third and fourth special defenses to the third count of its complaint must be granted because these defenses are invalid as a matter of law.
Thus, the motion to strike each and every special defense of the defendant is granted.
 ___________________ Pickard, J.
CT Page 270