## THE LOOMIS INSTITUTE *vs.* JOHN HURD.

Fairfield Co., March T., 1889. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A guaranty of a negotiable note payable in four months from its date was given by two persons who were indorsers of the note, a few days before the note fell due, in the following words:—"For value received we hereby jointly and severally waive demand and notice of protest, and guarantee payment of the within note, and warrant the same good and collectible till paid, at seven per cent. interest." Held to be an absolute guaranty and not a conditional one.

[Argued March 20th—decided April 25th, 1889.]

ACTION upon an indorsement and guaranty of a promissory note; brought to the Superior Court in Fairfield County, and heard before *Fenn, J.*

The note was dated January 14th, 1884, was executed by Hurd, Hotchkiss & McFarlane, was for $5,000, payable in four months to the order of the makers, and by them indorsed, and was afterwards indorsed by the defendant and Charles B. Hotchkiss. The guaranty, which was indorsed on the note, was executed by the defendant and the said Hotchkiss, was dated May 12th, 1884, and was in the words following:—"For value received we hereby jointly and severally waive demand and notice of protest and guarantee payment of the within note, and we hereby warrant the same good and collectible until paid, at seven per cent. interest."

The second count of the complaint, which is the only one upon which the present question arises, was upon this guaranty. The defendant made answer that the plaintiff had never taken any steps to collect the note of the makers. The plaintiff demurred to this answer, and the court overruled the demurrer and rendered judgment for the plaintiff. The defendant appealed.

*W. C. Case* and *W. H. Ely*, for the appellant.

What was the contract entered into by the defendant? In determining this, "effect should be given to every word, unless the contract would thereby be rendered contradictory, insensible or absurd." *Gardner* v. *City of Hartford*, 14 Conn., 198. Applying this rule to this contract, it is evident that the defendant meant to guarantee that the note was collectible, and did not mean to guarantee the payment absolutely.

Had the defendant intended to make a guaranty of payment, the words "warrant the same good and collectible until paid," would never have been added, for a guaranty of payment makes the latter part of the contract useless and of no effect, and to hold that the guaranty was a guaranty of payment would make this language mere surplusage, while to hold that the contract was a guaranty of collection puts in force and makes use of all the language in the contract. The words "good and collectible" qualify the word

"payment," and show that the defendant intended to guarantee that the note would be paid if the proper steps were taken to enforce payment, and that is all that he intended. Had he intended to guarantee the payment absolutely he would have said so and said no more. Having said more, it is evident that the additional language was intentionally used, and that he expected the plaintiff would take the proper steps to collect the note, and, if they failed, that he would pay the note and seven per cent. interest from the time the note became due. But there is nothing to show that the defendant intended to relieve the plaintiff from trying to enforce its legal rights against the makers of the note.

It is no answer to say that the defendant was originally an indorser of the note. That is the only consideration for the new contract, so far as appears in the pleadings. Unquestionably the original contract and the release from it was a good consideration for the substituted contract, and it is equally true that, without a consideration, the contract of guaranty would be void. *Cowles* v. *Peck*, 55 Conn., 251.

The use of the expression "guarantee the payment of said note," does not by any means show that the defendant meant to make an unqualified and unlimited contract, for it has been decided in this state that such words, taken in connection with the others used in the contract, made only a conditional contract and did not relieve the payee of all duty in the case. *Sage* v. *Wilcox*, 6 Conn., 81. In that case the language used was : "I hereby guarantee the payment of the within note, one year from this date, whether a suit is brought against the signer or not;" and it was held that this was a conditional promise, and in order to hold the person signing the guaranty the plaintiff must prove that he had presented the note for payment, that the note had not been paid, and that notice was given to the defendant. As the guarantor had specially waived suit that element did not enter into the case.

Taking into consideration therefore all the language in the contract, it is clear that the defendant warranted that the note was good and collectible and would be paid if the

plaintiff took the necessary steps to collect the note from the makers, and that meanwhile the defendant would not insist upon the formal demand and notice of protest that the plaintiff would have been obliged to make and give had there been no waiver. This construction gives effect to all the language used by the defendant, and any other construction ignores a large part of it.

The contract then is the ordinary guaranty of collection, as distinguished from the guaranty of payment,—a guaranty that the note was good and collectible. A guaranty that a note is good and collectible until paid is conditional, and is an undertaking that the note is collectible by the use of ordinary diligence, and not an absolute undertaking relieving the holder or payee from all efforts to collect the note. *Allen* v. *Rundle*, 50 Conn., 9; *Cowles* v. *Peck*, 55 id., 251. Therefore before the holder can look to the guarantor he must take some steps to collect the amount of the note from the maker, and if he does not exhaust his remedies, must at least show some reason for his failure to do so. *Prentiss* v. *Danielson*, 5 Conn., 175; *Castle* v. *Candee*, 16 id., 236. Just what the necessary steps are it is unnecessary to consider in this case, for it is conceded that the plaintiff made no attempt whatever to collect the note from the makers, and there is no claim that the note could not have been collected from them.

*D. B. Lockwood* and *A. P. Beers*, for the appellee.

LOOMIS, J. The second count of the complaint in this case, under which the questions for review arise, alleges that "a promissory note purporting to have been made by Hurd, Hotchkiss & McFarlane, on January 14th, 1884, to the order of Hurd, Hotchkiss & McFarlane, for five thousand dollars, payable four months after date, at the Farmers' & Mechanics' National Bank, Hartford, Conn., for value received, and indorsed by said Hurd, Hotchkiss & McFarlane to the defendant, was, by the indorsement of the defendant and others, transferred to the plaintiff; that on May 12th, 1884, the de-

fendant and one Chas. B. Hotchkiss (an indorser subsequent to the defendant), in writing, jointly and severally waived demand and notice of protest of said note, and guaranteed payment of said note, and warranted the same good and collectible until paid, at seven per cent. interest; and that the plaintiff still owns said note, and it has not been paid."

To this count the defendant filed an answer, setting up in defense that "the plaintiff never took any steps or attempted to collect said note of the makers thereof."

To this answer the plaintiff demurred, claiming that the matter so set up constituted no defense to the cause of action; and the question raised by this demurrer is the sole question presented by this appeal.

The answer is based entirely upon the assumption that the guaranty was a conditional one and that the condition was not complied with. If conditional the answer was sufficient, for the pleadings admit that no steps were taken to collect the note of the makers. If on the other hand the guaranty is an absolute one, the defendant concedes that he is liable. The following is a copy of the note and of the indorsement and guaranty written thereon.

"$5,000.           BRIDGEPORT, CT., January 14th, 1884.

"Four months after date we promise to pay to the order of Hurd, Hotchkiss & McFarlane five thousand dollars at Farmers' and Mechanics' Nat. Bank, Hartford, Conn. Value received.

"HURD, HOTCHKISS & MCFARLANE."

*Indorsed.*—

"HURD, HOTCHKISS & MCFARLANE.

"JOHN HURD.

"CHAS. B. HOTCHKISS."

The guaranty is as follows:—

"For value received we hereby jointly and severally waive demand and notice of protest, and guarantee payment of the within note, and we hereby warrant the same good and collectible until paid, at seven per cent. interest. BRIDGEPORT, CONN., May 12, 1884.

"JOHN HURD.

"CHAS. B. HOTCHKISS."

The defendant claims that the contract of indorsement was abrogated by the substitution of the new contract of guaranty, and that the controlling words of the latter are those that, "warrant the note good and collectible until paid," and that the plaintiff must first institute a suit against the makers and prosecute it to final judgment and execution (or else show that such proceeding would be futile,) before the defendant can be subjected to pay the note. Although the argument in support of the defendant's construction was very plausible, yet it seems to us from all the provisions of the contract that the defendant intended to assume more than a mere conditional liability, that is, that he would pay the note, if the plaintiff, having first taken the proper steps, failed to recover it of the makers.

The contract contains three distinct provisions:—(1) The waiver of demand and notice of the protest of the note. This clearly refers to the defendant's liability as indorser and recognizes it as a continued existing liability, not abrogated at all, as the defendant claims, but on the contrary made more easy of enforcement. (2) A distinct guaranty of payment, which of course is an absolute undertaking, following very naturally the dispensing with the requirement of demand and notice in order to impose a liability on the defendant. (3) There is the warranty that the note is good and collectible until paid at seven per cent. interest.

It was urged in argument by the defendant as strange that the parties, having provided for absolute payment, should add a guaranty that the note was good and collectible; but the first two provisions are entirely consistent with each other and the meaning is plain. There is no more reason to give a controlling force to the third provision than to the other two; assuming some of the provisions to be unnecessary. But all the provisions may have effect and stand together. The first two waived demand and protest, and guaranteed payment, but with ordinary interest only. The last provision warranted the note good and collectible, not only for the principal but at a greater rate of interest than could otherwise have been recovered on the instrument.

Loomis Institute *v.* Hurd.

This last may have been the purpose of the parties in adding the third provision, but whether the contract for the increased rate of interest was good or not there is no occasion to determine.

In this way the rule of construction urged by the defendant, that effect should be given, as far as may be rationally done, to all the words and parts of a contract, is more faithfully followed than by the mode proposed by him, the construction given by which renders the first two provisions useless or insensible.

We have considered the case thus far only with reference to the language of the guaranty. There is a further consideration which is entitled to much and perhaps decisive weight. The note is dated January 14th, 1884, and is at four months, and would therefore have fallen due on the 17th of May following. The guaranty is dated May 12th, and was given therefore only five days before the note was to fall due. It seems absurd that the guarantors, already indorsers, should give a guaranty of the mere collectibility of the note only for these five days. Their object manifestly was to save the necessity of taking measures for the collection of the note, not to impose upon the plaintiff that necessity. This explains their waiver of demand and notice as indorsers, and their guaranteeing the seven per cent. interest. The makers apparently desired delay and the plaintiff gave it in consideration of the guaranty and of the increased interest from the time the note fell due. It was in its purpose and effect an agreement that the note should run on at seven per cent. interest, and that the indorsers would become guarantors of the note for the future.

The view we have taken makes the defendant liable either as indorser or as guarantor of the note in question.

There was no error in the judgment complained of.

In this opinion the other judges concurred.