WILLIAM S. BEARDSLEY *vs.* MARY E. HAWES ET AL.

Third Judicial District, New Haven, June Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A written promise to pay interest semi-annually in advance, contained in a negotiable note payable " on demand," makes it clear that the parties to the note understood and intended that it should run for some time, and for at least six months. Accordingly, the payee of such a note is under no obligation to demand payment four months from its date and thereafter use due diligence to collect of the maker, in order to hold the guarantor of the note liable thereon.

At the foot of a promissory note executed by the Misses Hawes, the defendants signed the following guaranty: "Note to be paid by the Misses Hawes. We sign the above note for security for the payment thereof which we hereby guarantee for a valuable consider-

ation received." *Held* that this was an absolute and not a conditional guaranty.

An absolute guaranty is an unconditional undertaking on the part of the guarantor that the maker will pay the note. A conditional guaranty is an undertaking to pay if payment cannot by reasonable diligence be obtained from the principal debtor.

Due diligence does not require the payee of a note who has made a seasonable demand for its payment, to sue the insolvent maker, in order to recover against the guarantor.

Argued June 7th—decided July 26th, 1898.

ACTION to recover the amount of a promissory note, brought to the Superior Court in Fairfield County and tried to the court, *Thayer, J.;* facts found and judgment rendered in favor of the plaintiff, and appeal by two of the defendants, guarantors of the note, for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Jeremiah D. Toomey*, Jr., for the appellants (defendants).

*Edwin F. Hall*, for the appellee (plaintiff).

HALL, J. The note and guaranty upon which this action was brought, were as follows:

" $2,000.  BRIDGEPORT, CONN., Jan. 6th, 1896.

" On demand for value received, we jointly and severally promise to pay Wm. S. Beardsley or order, the sum of two thousand dollars ($2,000), with interest payable semi-annually in advance on the 1st days of July and January in each year at the rate of six (6) per cent. per annum.

" MARY E. HAWES,

" SARAH E. HAWES.

" Note to be paid by the Misses Hawes.

" We sign the above note for security for payment thereof which we hereby guarantee for a valuable consideration received.

" GEORGE TURNEY.

" PATRICK COUGHLIN.

" Received interest to July 1st, 1896.

"       "       " Jan. 1st, 1897."

The note and guaranty were given to enable the makers to procure a loan of the plaintiff of $2,000. The guarantors alone defend this action. When the note was given it was understood by all parties that it was to run for sometime upon interest to be paid in advance. Six months' interest was paid when the note was given, and interest for the ensuing six months was also paid by the makers. There was no material change in the financial condition of the makers after they had given the note, and in November, 1896, they made an assignment in insolvency, since which time they have been wholly unable to pay the note. No demand of payment was made, either upon the makers or guarantors, until after the assignment, nor have the guarantors ever requested demand to be made upon the makers.

The guarantors requested the trial court to hold that their guaranty was conditional; that under General Statutes, § 1859, providing that negotiable promissory notes payable on demand remaining unpaid four months from their date should be considered overdue, the note as to them was due four months after its date, and that as the plaintiff neglected to demand payment at the end of four months and accepted interest after that time and made no attempt to collect the note of the makers until the assignment in insolvency, the guarantors were not liable.

If we should hold as requested by the defendants' counsel, that the guaranty was conditional and not absolute, the guarantors would not be released from liability; as the facts found show that the plaintiff used due diligence to collect the note of the makers. The note upon which the guaranty was written showed upon its face that interest for six months was to be paid when the note was given, and therefore that the note was not to be paid at the end of four months from its date. The court finds as a fact that it was understood by all the parties that the note was to run for sometime, upon interest to be paid in advance. The plaintiff, in order to hold the guarantors, was not required, at the end of four months, to make a demand of payment which was neither contemplated nor desired by the parties; and if by the un-

derstanding of the guarantors themselves and all the parties to the note, it was not to be paid at the end of four months, the acceptance of interest for six months from the date of the note, in accordance with the terms of the note and as all the parties intended the interest should be received and paid, cannot be considered an extension of the time of payment so as to relieve the guarantors. *Hayes* v. *Werner*, 45 Conn. 246; *Skelly* v. *Bristol Savings Bank*, 63 id. 83, 91.

The makers having made an assignment in insolvency in November, 1896, and it having been found by the trial court that since that time they have been wholly unable to pay the note, the plaintiff was not required to commence suit after having demanded payment at the time of the assignment. *Gillespie* v. *Wheeler*, 46 Conn. 410; *Allen* v. *Rundle*, 50 id. 9.

It is very clear, however, that the undertaking in question must be construed to be an absolute, and not a conditional, guaranty. We agree with defendants' counsel, that the words, "Note to be paid by the Misses Hawes," which appear on the note below the names of the makers and above the guaranty, should be regarded as the language of the guarantors; but not that they in any respect affect the character of the guaranty itself. Strike out these words, and it just as clearly appears that the note is to be paid by the Misses Hawes. The evident purpose of these words was to inform the payee or holder that Turney and Coughlin signed the notes, not as makers, but as guarantors only.

The words "for security for payment thereof," do not indicate that the guaranty is conditional. The purpose of both absolute and conditional guaranties is to secure payment of the note by enabling the payee to collect of the guarantors in the event of the failure of the makers to pay, in case of an absolute guaranty; and of the failure of the payee to collect of the makers by the use of proper diligence, in case the guaranty is conditional. By the words "payment thereof which we hereby guarantee," the guarantors say in unequivocal terms that they guarantee the payment of the note. There is an entire absence of any words indicating a guaranty of the goodness or collectibility of the note. An absolute

guaranty is "an unconditional undertaking on the part of the guarantor that the maker will pay the note." A conditional guaranty is "an undertaking to pay if payment cannot by reasonable diligence be obtained from the principal debtor." The subject of absolute and conditional guaranties has been very fully considered, and the leading decisions upon that question discussed by JUDGE LOOMIS in the cases of *Cowles* v. *Peck*, 55 Conn. 251, *Lemmon* v. *Strong*, ibid, 443, *Loomis Institute* v. *Hurd*, 57 id. 435, and *Tyler* v. *Waddingham*, 58 id. 375.

There is no error.

In this opinion the other judges concurred.