Bernd v. Lynes, Admx.

———————

HENRY BERND *vs.* LUCY W. LYNES, ADMINISTRATRIX.

Third Judicial District, Bridgeport, April Term, 1899.  ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

From the very nature of the contract of guaranty or suretyship the liability of the surety must ordinarily be measured by that of the principal, so that whatever discharges the latter discharges the former. The defendant's intestate guaranteed the payment of a promissory note " until paid."  *Held* that the words quoted did not extend or enlarge the ordinary liability of the guarantor, and that inasmuch as the statute of limitations had long barred any action against the maker, the plaintiff's right to recover of the guarantor was also barred.

Argued April 20th—decided May 3d, 1899.

ACTION to recover the amount of a promissory note guaranteed by the defendant's intestate, brought to the Superior Court in Fairfield County and reserved by that court, *Robinson, J.*, upon an agreed statement of facts, for the consideration and advice of this court. *Judgment advised for defendant.*

The case is sufficiently stated in the opinion.

*Granville Whittlesey*, for the plaintiff.

*John R. Booth*, with whom was *Eugene C. Dempsey*, for the defendant.

ANDREWS, C. J.   The defendant is the administratrix on the estate of William F. Lacey, late of Danbury.   The plaintiff presented to her for payment a certain written guaranty made by the said Lacey in his lifetime.   She disallowed the claim and this suit was then brought.   The writing was as follows :—

"$600.                    DANBURY, CT., June 8th, 1869.

"One day after date, I promise to pay to the order of Wm. F. Lacey, six hundred dollars, value received, with interest.

"WM. G. RANDALL."

Indorsed on the back: "For value received, I hereby guarantee the payment of the within note until paid.

"W. F. LACEY."

At the time this note and guaranty were executed and delivered, there was a verbal agreement by all the parties that payment should not be required so long as Mr. Randall should pay the interest thereon each year as it became due.   This he did each year up to and including the year 1882.   In 1883 he paid nothing, nor has he paid anything at any time since. The plaintiff has had no communication regarding said note with Mr. Randall or Mr. Lacey since June 8th, 1883.   Mr. Lacey died March 30th, 1896.

The defendant insisted that the plaintiff's right to recover on the guaranty was barred by the statute of limitations; and this is the only question in the case.

Bernd *v.* Lynes, Admx.

It is admitted that the cause of action against the maker of the note is barred. Counsel for the plaintiff in their brief clearly and candidly state the question. They say: "It may be conceded that had the guaranty not contained the words 'until paid,' the statute of limitations would act as a bar to the present action." Stated in a little different way the question is this: Does the cause of action against the guarantor continue after the statute of limitations has run against the principal debtor? The answer to this question depends upon the character of the contract of guaranty, or suretyship; and the force of the words "until paid" to enlarge that contract.

What the character of that contract is was discussed by this court in the very recent case of *Eising v. Andrews*, 66 Conn. 58, 65. What we said in that case is applicable in this.

"The rule is that a cause of action cannot exist against a surety, as such, unless a cause of action exists against his principal. Ordinarily the liability of such a surety is measured precisely by the liability of the principal. Brandt on Suretyship, § 121; *Seaver v. Young*, 16 Vt. 658; *Boone County v. Jones*, 54 Iowa, 699, 709; *Patterson's Appeal*, 48 Pa. St. 342, 345; *McCabe v. Raney*, 32 Ind. 309. . . . The obligation of a surety is an obligation accessory to that of a principal debtor, and it is of the essence of this obligation that there should be a valid obligation of some principal. Thus, where one agrees to become responsible for another, the former incurs no obligation as surety, if no valid claim ever arises against the principal. Chitty on Contracts (11th ed.), 788. If the principal is not holden, neither is the surety; for there can be no accessory if there is no principal. De Colyar on Principal & Surety (Amer. ed.), 39; Addison on Contracts, § 1111. The existence of a principal debtor is a condition precedent to the operation of the contract of a surety. *Hazard v. Irwin*, 18 Pick. 95; *Swift v. Beers*, 3 Denio, 70; *Mountstephen v. Lakeman*, L. R. 7 Q. B. 196, 202; *Mallet v. Bateman*, L. R. 1 C. P. 163. This is only in accordance with the general law of contracts which prevents a contract from becoming operative unless and until all conditions precedent are fulfilled. Brandt on Suretyship, § 214; *Farmers & Mechanics'*

*Bank* v. *Kingsley*, 2 Doug. (Mich.) 379." So too, in general, what ever discharges the principal debtor discharges the surety. The liability of a surety, as such, on a claim which is good as against the principal, ceases as soon as the claim is extinguished against the principal. Quoting again from *Eising* v. *Andrews*, p. 65 : " The nature of the undertaking of a surety is such that there can be no obligation on his part, unless there is an obligation on the part of the principal. It is correctly laid down, in Chitty on Contracts, that the contract of a surety is a collateral engagement for another, as distinguished from an original and direct agreement for the party's own act; and, as is stated in Theobold on Principal and Surety, it is a corollary from the very definition of the contract of suretyship, that the obligation of the surety, being accessory to the obligation of the principal debtor or obligor, it is of its essence that there should be a valid obligation of such a principal, and that the nullity of the principal obligation necessarily induces the nullity of the accessory. Without a principal, there can be no accessory. Nor can the obligation of the surety, as such, exceed that of the principal. It would be most unjust and incongruous to hold the surety liable, where the principal is not bound."

The same general doctrine is held in many other cases in this State. *Willey* v. *Paulk*, 6 Conn. 74 ; *DeForest* v. *Strong*, 8 id. 513, 522 ; *Bull* v. *Allen*, 19 id. 101; *Glazier* v. *Douglass*, 32 id. 393 ; *Candee* v. *Skinner*, 40 id. 464.

The special claim in this case is that the words " until paid " operated to enlarge the ordinary contract of suretyship, so as to take this case out of the general rule. We do not think the words as here used can be given that effect; this case is the ordinary one of suretyship, and when the cause of action against the principal become barred by virtue of the statute of limitations the cause of action against the guarantor also became barred.

Judgment is advised for the defendant.

In this opinion the other judges concurred.