SAVINGS BANK OF NEW BRITAIN *vs.* TRUMAN L. WEED
ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BALDWIN, Js.

Argued April 9th—decided June 3d, 1936.

*Margaret P. Camp* and *Mortimer H. Camp,* for the appellants (defendants Weed *et al.*).

*Josiah H. Peck,* for the appellant (defendant Estate of George P. Spear).

*Cyril F. Gaffney,* for the appellants (defendants Bruemmer *et al.*).

*Leo V. Gaffney,* appeared for the appellants (defendants Rickey *et al.*).

*Charles Welles Gross,* with whom was *Willis G. Parsons,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that on November 14th, 1928, The Masonic Temple Corporation of New Britain, Incorporated (hereinafter called the "Corporation"), by its note, promised to pay to the order of the plaintiff $125,000, with interest, payable semi-annually, in advance, on the first days of May and November in each year. At the time of the execution and delivery of the note, and to induce the plaintiff to make the loan, there was executed an agreement, in writing, signed by five of the defendants and Eugene J. Porter, since deceased, whose executors are also made defendants, as follows: "For value received, we hereby, jointly and severally, guarantee the payment of the within note, both principal and interest, according to its tenor, and hereby expressly waive all demand and notice of protest." The note has not

been paid by the maker or by the defendants, and there is due thereon $95,000 with interest from November 1st, 1933. Allegations were added, by amendment, that prior to November 1st, 1934, the plaintiff notified the maker that the note must be paid on or about November 1st, 1934, and on November 2d, 1934, the directors of the Temple Corporation by vote decided that it would be unable to pay the note. Except admission of the execution of the note and guaranty, the answers amounted to a general denial, five of the defendants adding a special defense which we discuss at a later stage of this opinion. The trial court found facts according with the allegations of the complaint as to the execution of the note and guaranty, nonpayment, and that the total amount due, including $95,000 principal and accrued interest, was $103,790.54.

The finding includes the following further facts: Porter died in September, 1933, and on December 1st, 1933, the plaintiff filed with the executors of his estate a claim for the amount of the note and interest. On May 19th, 1934, at the suggestion of Howard J. Breummer, one of the executors, a meeting of the directors of the Corporation was held for the purpose of discussing the note. There were present, with Breummer, all of the other guarantors, and several directors of the Corporation including Benjamin W. Alling who also was counsel for the bank. During this meeting Alling, as attorney for the bank, "stated in substance that this note would have to be paid or some extension arranged by November 1st, 1934." The matter was referred to the finance committee to report back recommendations. The directors, through this committee, made attempts to arrange to have funds raised by public solicitation, also to have the loan taken over by other parties, but without success, and on or about October 30th, 1934, a meeting was held at the office

of the plaintiff bank, at which there were present certain officers of the Corporation, Mr. Stanley, president of the bank, Mr. Lucas, its treasurer, and Mr. Alling, its counsel, and certain of the guarantors. At this meeting President Stanley and Attorney Alling stated that the note must be paid or some extension arranged for by November 1st, 1934. On November 2d, 1934, at a special meeting of the board of directors of the Corporation, which the plaintiff had not been invited to attend but at which Alling was present, the chairman stated that the meeting was called for the purpose of officially notifying the guarantors on the note that the Corporation was unable to meet it and it was voted that the secretary so notify all guarantors by registered mail. On November 3d, 1934, the secretary notified all the guarantors that the Corporation had been unable to refinance its mortgage, and that the note must be taken care of before November 14th, 1934. The present action was commenced on November 7th, 1934. Other facts found are referred to hereinafter in appropriate connections. Statements from the draft-finding sought by the appellants to be added are either sufficiently included in the finding as made or, although testified to, are not admitted or undisputed facts.

The reason for the bank's requirements regarding the note, the notice of the Corporation to the guarantors that it "must be taken care of before November 14th, 1934," and the bringing of this action before that date appears from the conclusion of the trial court that "under the decision in *Broadway Bank & Trust Co. v. Longley,* 116 Conn. 557, a cause of action against the guarantors accrued as soon as the note was executed and delivered." The date of the note was November 14th, 1928; under that decision payments of interest by the maker would not toll the statute of

limitations as to the guarantors, therefore (p. 565) no action would lie against them unless brought within six years from that date.

One of the conclusions, assigned as error, is that the facts found constitute and were a demand upon the Corporation for payment of the note. The appellants claim that these facts do not amount to a demand as a matter of law, in that they did not peremptorily require immediate payment but, instead, set a future date therefor. In this the appellants seem to seek to apply here the strict and technical requirement of presentment imposed in order to charge an indorser. *Bredow* v. *Woll*, 108 Conn. 489, 492, 143 Atl. 849; General Statutes, §§ 4387, 4388. As counsel for appellants appear to concede, the purpose and office of a demand, if, as they claim, one was required in the case of an absolute guaranty, is to lay a foundation for action against the guarantors by putting the maker in default. No reason is discernible why this purpose is not as fully served by a designation, with sufficient certainty, of a future date by or upon which payment or performance is required, as by a requirement of the same forthwith. The facts found are sufficient to place the Corporation, as maker of the note, in default when November 1st, 1934, the date designated, on behalf of the bank, in May and again on or about October 30th, as the definite time limit, passed without compliance with the specified requirements, and therefore would constitute a demand adequate to the purpose of fixing liability upon the defendant guarantors, if any demand was a prerequisite thereto. So concluding, we might well treat as immaterial the further conclusions stated by the trial court that (a) the defendants expressly waived demand by the plaintiff upon the Corporation and no demand upon the guarantors was necessary; (b) no demand upon the Corporation was necessary

in order to give the plaintiff a cause of action against these defendants; and (c) as the defendants neither alleged nor proved any damage to them as a result of failure to make demand upon the Corporation, lack of demand could not avail the defendants. We indulge the appellants, as did the trial court, by considering other claims to which these conclusions were addressed.

In the guaranty the defendants "expressly waive all demand and notice of protest." It is undisputed that the guaranty here involved is absolute as distinguished from contingent, so that, in any event, demand upon the guarantors was not necessary in order to hold them liable under the guaranty. *City Savings Bank* v. *Hopson*, 53 Conn. 453, 455, 6 Atl. 601; *Bushnell* v. *Church*, 15 Conn. 406, 415; 28 C. J. p. 984. We must assume that the quoted clause was employed designedly, for a purpose applicable to the situation, and to the advantage of the payee of the note. To construe it as the defendants would have us, as meaning merely waiver of a demand upon the guarantors which is unnecessary, would render its employment futile and superfluous; also it would ignore the natural significance of the comprehensive term "all demand" which manifestly is broad enough to include demand upon the maker, if such were required. The construction placed upon the waiver by the trial court was justified and, in our opinion, is correct.

In opposition to the conclusion (b) that no demand upon the Corporation was necessary, the appellants maintain that a demand upon the Corporation as maker sufficient to put it in default was a condition precedent to an action against the guarantors. To so hold would contravene a long continued course of decisions in this State. Of a demand note it was said in *Curtis* v. *Smith*, 75 Conn. 429, 431, 53 Atl. 902: "As between the maker and payee it is due and payable

immediately after delivery and without demand. As between the immediate parties to the note it is an acknowledgement by the maker that a certain sum is due from him to the payee at the date of the note, and that the latter is entitled to payment of it immediately." A cause of action upon a guaranty of a demand note accrues as soon as the note is executed and delivered. *Broadway Bank & Trust Co.* v. *Longley,* 116 Conn. 557, 560, 165 Atl. 800; *Bernd* v. *Lynes,* 71 Conn. 733, 43 Atl. 189. "The guaranty being absolute, no steps [are] required to enforce the debt against the principal before proceeding against the guarantors." *Barnes Co.* v. *Zachs,* 117 Conn. 285, 288, 167 Atl. 726. The guarantors "became liable to pay the note without demand upon the maker or notice of default." *Higinbotham* v. *Manchester,* 113 Conn. 62, 72, 154 Atl. 242; *City Savings Bank* v. *Hopson,* supra, p. 455; *Beardsley* v. *Hawes,* 71 Conn. 39, 40 Atl. 1043; Arnold, Suretyship & Guaranty, § 22; 28 C. J. p. 980; *Tyler* v. *Waddingham,* 58 Conn. 375, 395, 20 Atl. 335; *Breed* v. *Hillhouse,* 7 Conn. 523, 528. This rule is in accord with the great weight of authority (3 Daniel, Negotiable Instruments (7th Ed.) § 1589, note 31), although in § 1590 it is indicated that "as the non-payment of the debt must come peculiarly within the knowledge of the guarantee" the author favors a doctrine that the guarantor is entitled to have demand made upon the maker and to notice of nonpayment within a reasonable time after default. We find nothing in *Beardsley* v. *Hawes,* supra, to warrant the citation to that section so far as concerns absolute as distinguished from conditional guaranties.

The special defense alleged that when the note was executed it was agreed by the maker and the payee that it would be demanded within three years from the date thereof; said period was a reasonable time

for demanding payment; the plaintiff failed to demand payment within a reasonable time, but subsequent to the expiration thereof granted to the maker extensions of time for payment, without the assent of these defendants, in that it accepted from the maker on various occasions six months interest in advance. The trial court concluded that there was no agreement or understanding between any of the parties involved that the note should be paid within three years from its date. The correspondence leading up to the making of the loan shows that the proceeds were to be devoted to paying for the completion of a Temple building then in process of construction and that the Corporation anticipated that the note would gradually be paid, commencing after the completion of the Temple, from receipts from pledges to the building fund which were on a basis of twenty or thirty monthly payments, but the trial court was quite warranted in the view that the evidence disclosed no more than a "hope or expectation," and failed to establish any effective agreement as to a definite time within which the note was to be paid.

Two of the defendants advance on this appeal a claim that the conclusion that there was no agreement is not decisive of the special defense, for the reason, they assert, that it involves a separate defense that, irrespective of the agreement alleged, extensions were granted beyond a reasonable time. If we construe thus broadly this defense and these defendants' claim of law addressed to it, we may and should ascribe like latitude to the trial court's action in overruling that claim by, notwithstanding, rendering the judgment it did. It appears from the memorandum of decision that the trial court considered the question not only with reference to the alleged agreement but also in the broader aspect of what constitutes a reasonable

time, under all the circumstances, for demanding payment of the note, and held that the evidence did not disclose any extension granted beyond such reasonable time. There is no inconsistency between this and any conclusions stated in the finding and we may refer to it as indicating the scope of the inquiry upon which the decision was based. *Burk* v. *Corrado*, 116 Conn. 511, 513, 165 Atl. 682. The "circumstances" amply support a conclusion that demand was not deferred beyond a reasonable time. As the defendants concede, we may take judicial notice of the change in general financial conditions subsequent to the giving of the note which defeated the expectations of the maker, apparently well founded at the time the note was executed, and doubtless shared by the defendants, that it could be paid from the proceeds of pledges to its building fund. From the standpoint of the maker and the guarantors, leniency in requiring payment was manifestly reasonable and it does not appear that the defendants were in any way prejudiced by delay. As to the plaintiff it "is a savings bank engaged in the business of loaning money. It must obtain interest on its loans that it may be able to pay interest to its depositors. . . . It is a matter of common knowledge that a savings bank rarely, if ever, collects a loan when secured and interest is paid." *Skelly* v. *Bristol Savings Bank,* 63 Conn. 83, 88, 26 Atl. 474. This note was secured by mortgage upon the building to complete which the loan was obtained, as well as by the guaranty. Default in the payment of interest did not occur until after November 1st, 1933, and demand was made in May, 1934, for payment by November 1st, following. The consequences of the execution of the guaranty by the defendants are, no doubt unexpectedly, most grievous to them, but we are unable to find any legal ground for complaint on their part in

the respects assigned on this appeal or in the judgment rendered.

There is no error.

In this opinion the other judges concurred.