[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the above entitled matter has moved for a summary judgment and has filed affidavits and documents in support of that motion. The defendant has failed to controvert, by affidavit or otherwise, any of the facts set forth by the plaintiff and therefore, the court may rely on the facts as stated by the plaintiff. Fogarty v. Rashaw, 193 Conn. 442, 444-445 (1984); Bartha v. Waterbury House Wrecking Co., 190 Conn. 5, 11-12 (1983).
In December of 1985 the FRA Trust (the "Trust") became indebted to the plaintiff in the amount of $1,100,000 as evidenced by a promissory note for that amount which was secured by a mortgage on property owned by the Trust in the state of Massachusetts. The maturity was twice extended by written documents. First, to July 1, 1987 and subsequently to November 1, 1987. The modification agreements as well as the original note and mortgage were executed by the defendant in his capacity as trustee.
At the time of the execution of the original note and mortgage, the defendant in his individual capacity, executed a guaranty agreement in which he waived demand, protest and notice and guaranteed to the plaintiff "the prompt payment of the principle and interest" of the note. The guaranty agreement also provided that he would guaranty "the punctual performance of all of the mortgagor's covenants and agreements contained in said note and mortgage" and consented that the holder may from time to time, extend the time for payment of said note without notice to or further assent from the defendant. The defendant also agreed to remain bound under the guaranty notwithstanding any such extension or any other indulgence granted to the maker.
In a special defense filed by the defendant, he asserts that there is a prior pending action instituted by the plaintiff against the defendant in Massachusetts to resolve the matter, that the plaintiff has caused an order of notice to be issued to foreclose the mortgage; that the plaintiff brought suit against the defendant on the same note and guaranty in the state of Massachusetts; and that the action will resolve all claims between the parties.
The affidavits filed on behalf of the plaintiff establish that five separate civil actions were brought within the state court's of Massachusetts and three bankruptcy proceedings were also brought in the United States Bankruptcy Court in the District of Massachusetts. However, none of the civil actions for bankruptcy proceedings involved the defendant in an individual capacity.
The trust property was sold pursuant to a foreclosure sale on October 9, 1990 for the sum of $700,000. At the time of the foreclosure sale, there was owed on the note, the sum of CT Page 1785 $1,265,775.80 thereby leaving a deficiency in the amount of $565,775.80. In addition, the Massachusetts attorneys' for the plaintiff incurred fees in the amount of $147,853.50 which the court finds to be fair and reasonable. The Connecticut attorneys have incurred fees established by affidavit in the amount of $17,191 and disbursements in the amount of $894.54, which the court likewise finds to be fair and reasonable. In addition, there are late charges in the amount of $15,323.99 and interest in the amount of $45,843.76.
In accordance with the terms of the plaintiff's guaranty, he waived demand protest and notice and agreed to extensions of the time for payment of the note without notice or further consent on his part. The documents before the court also provide for the payment of attorney's fees.
The plaintiff is entitled to pursue its remedy on the note or to pursue its remedy upon the mortgage, or to pursue both remedies. Hartford National Bank Trust Co., v. Kotkin, 185 Conn. 579 (1981). The defendant likewise guaranteed unequivocally, "the prompt payment of the principle and interest" and the "punctual performance of all of the mortgagor's covenants and agreements contained "in the note and mortgage." The defendant is now obligated to fulfill his undertakings according to their terms. See such cases as: Perry v. Cohen, 126 Conn. 457 (1940); Savings Bank of New Britain v. Weed, 121 Conn. 414 (1936); City Savings Bank v. Hobson, 53 Conn. 453 (1986); See also, Connecticut General Statutes Section 42a-3-416.
The litigation referred to in the special defense filed by the defendant, as illuminated by affidavits filed on behalf of the plaintiff, do not constitute a defense in the instant action.
Accordingly, summary judgment may enter for the plaintiff in the amount of $792,861.69.
RUSH, J.