[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The intervening defendant, John Chiarella, Jr., has moved to open the judgment in this action that was entered in August, 1991. He contends that the judgment should be opened because it was procured by fraud.
The plaintiffs Thomas Condon and Ralph C. Crozier are co-administrators of the estate of Floyd Potter. They brought this action in March 1991 against the defendant Anthony Silano. The plaintiffs contend that their decedent, Potter, owned a ten percent limited partnership interest in a partnership known as Southbury Affiliates (the "partnership") and that he transferred that interest to the defendant Silano in return for Silano's agreement to pay $150,000. They further contend that as of the date of Potter's death, Silano had not paid any of the debt due Potter and they therefore sought the return to the estate of Potter's interest in the partnership. After Silano was defaulted in this action for failing to appear, the court entered judgment on August 27, 1991 that "defendant Silano held a ten percent (10%) interest in the defendant Southbury Affiliates, A Connecticut Limited Partnership, for the benefit of the Estate of Floyd Potter in constructive trust."
In February 1997, over five years after judgment entered, the defendant John Chiarella, Jr. moved to intervene in this action CT Page 1253 as a defendant and also moved to open the judgment, alleging that it was obtained by fraud. The motion to intervene was granted, but Chiarella's intervention was limited to the proceedings on the motion to open.
The court heard approximately three days of testimony on the motion to open, after which all parties submitted briefs. The basic facts surrounding the relationship between the plaintiffs, their decedent, Floyd Potter, and Chiarella are as set forth hereafter. In 1984, Floyd Potter, who had acquired a 10% interest in the partnership, transferred that interest to Silano, who agreed to pay Potter $150,000 for it. Potter died on February 18, 1988 without having received any payment on Silano's debt. The plaintiffs, co-administrators of Potter's estate, brought this action to recover the partnership interest for the estate. Judgment entered for the plaintiffs in 1991 as set forth earlier in this memorandum of decision.
The intervenor, John Chiarella, Jr., is the holder of a $600,000 promissory note from Anthony Silano that was dated September 8, 1989. Payment of the note was due in accordance with its terms are one year later, September 8, 1990, "on demand on or after maturity date." The note states that it is "collateralized" by a 16.23% interest in the partnership, as well as an interest in another partnership. On April 18, 1990 Chiarella caused a document entitled "Notice of Collateralization" to be recorded in the Southbury Land Records. This Notice refers to the two partnership interests set forth in the note and states, "[t]his is to place the world on notice of a lien or claim against Anthony Silano's shares in accordance with the attached promissory note." The notice was not signed by Anthony Silano nor was it witnessed or notarized.
Based on the note and the notice, Chiarella claims an interest in the partnership interest which was the subject of the judgment entered by the court in this action in August, 1991. He contends that the judgment was procured by fraud in that the plaintiff co-administrator, Ralph C. Crozier, an attorney, failed to disclose to the court first, his alleged conflict of interest in suing Silano, who was also a client of Crozier's, and, secondly, Chiarella's interest in the partnership interest that was the subject of this suit.
It is obvious that Chiarella's motion to open, filed over five years after judgment was entered, is not in compliance with CT Page 1254 General Statutes § 52-212a, which provides that a civil judgment cannot be opened unless the motion to open is filed within four months following the date when it was rendered. Section 52-212a does not apply, however, where the judgment in question was obtained by fraud. Billington v. Billington,220 Conn. 212, 218 (1991); Kenworthy v. Kenworthy, 180 Conn. 129, 131
(1980). A judgment procured by fraud may be opened where: (1) there has been no laches or unreasonable delay by the moving party after the discovery of the fraud; (2) there was diligence in attempting to discover the fraud; (3) there is "clear proof" of fraud; and (4) there is "a substantial likelihood that the result of the new trial will be different." Billington v.Billington, supra, 218 (internal quotation marks omitted.);Gelinas v. Gelinas, 10 Conn. App. 167, 174 (1987). The intervenor, as the moving party, bears the burden of establishing all four prerequisites to opening the judgment.
The plaintiffs and the defendant Silano argue that even assuming, arguendo, that Chiarella can meet his difficult burden with respect to the first three of these requirements, he cannot establish a substantial likelihood of a different result at a new trial because his promissory note is now unenforceable under the applicable statute of limitations. They contend that the statute of limitations with respect to the note began to run at its maturity on September 8, 1990, one year after the date of the note, and more than six years having passed since that date, Chiarella's note and collateralization claim are now barred under General Statutes § 52-576. Chiarella contends, however, that the statute of limitations did not begin to run until December 26, 1996, when he made demand on Silano for payment of the note.
Our Supreme Court has long and consistently held that a promissory note payable on demand is due and payable immediately. Therefore, the statute of limitations begins to run immediately upon execution of a demand note because suit can be brought immediately. House v. Peacock, 84 Conn. 54, 55 (1911); BroadwayBank Trust Co. v. Longley, 116 Conn. 557, 559 (1933); Bank ofNew Britain v. Weed, 121 Conn. 414, 419-420 (1936).
These cases do not strictly apply to Chiarella's note from Silano, however, because it is not purely a demand note. The note recites that the loan is for a period of one year and "shall be paid on demand on or after maturity date." This note by its terms is not payable immediately, but is payable after one year. Applying the principles of House v. Peacock, supra, and the other CT Page 1255 cases cited, it is apparent that suit could be brought on the note after one year and, accordingly, the statute of limitations began to run at the one year maturity, September 8, 1990.
This analysis and conclusion are consistent with the recognized test for determining when a cause of action accrues. Where there is difficulty determining when a right of action has accrued, the test is to establish the time when the plaintiff first could have successfully maintained an action. That is when the cause of action accrues. Wynn v. Metropolitan Property Casualty Ins. Co., 30 Conn. App. 803, 807-808 (1993); Engelman v.Connecticut General Life Ins. Co., 240 Conn. 287, 294 n. 7 (1997). Chiarella could have first maintained an action on the note on September 8, 1990 and the six year statute of limitations began to run on that date. The statute of limitations expired September 9, 1996, several months prior to Chiarella filing his claims in this case.
The intervenor relies on three cases to support his contention that the statute of limitations began to run when he made demand for payment of the note on December 26, 1996. The first is Savings Bank of New Britain v. Weed, supra. At issue in that case was the liability of the defendant guarantors for a demand note. The case is readily distinguishable from the case before the court for two reasons. First, the liability of the maker of the note was not at issue; the issue was the liability of the guarantors of the note. Secondly, the statute of limitations was not at issue; there was no discussion of when the statute of limitations began to run.
The second case cited by the intervenor, Perry v. Cohen,126 Conn. 457 (1940), also addresses the liability of a guarantor of a note, not a maker. Furthermore, the defense at issue in the case was laches, not unenforceability due to the statute of limitations. This case, too, is therefore distinguishable.
The statute of limitations was at issue in the third case,Cupina v. Bernklan, 17 Conn. App. 159 (1988). The trial court had ruled that the plaintiff's right of action accrued when she demanded repayment of loans that were not evidenced by promissory notes. An issue on appeal was whether the cause of action accrued when the loans were made or on the date demand was made, as the trial court ruled. That issue was never reached or decided by the Appellate Court, however, because it was unnecessary to do so in light of the court's ruling on other issues in the appeal. CT Page 1256
The intervenor's note is unenforceable under the statute of limitations. None of the cases cited by Chiarella supports his contention that the statute of limitations has not expired because it began to run when he made demand for payment of the note in 1996. The intervenor has failed, therefore, to show a substantial likelihood that the result of a new trial in this action would be different from the judgment entered by the court in August, 1991. The intervenor's motion to open the judgment is denied.
VERTEFEUILLE, J.