[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves a promissory note, the necessity of a demand for payment and the amount of the indebtedness. The CT Page 2147 plaintiff, Commodore Financial Services, L. C., alleges, in an amended complaint dated April 8, 1997, that it is the current holder of a demand note dated March 1, 1985, payable to Merchants Bank Trust Company (Merchants) in the original principal amount of $185,359, executed by the defendant, Ronald Kellogg, and another individual. The plaintiff also alleges that the note is in default, and that, as of October 18, 1996, the defendant owed the plaintiff $40,234 on the loan principal and $18,735 of interest.
The defendant filed an answer denying the material allegations of the complaint. The defendant also filed a special defense that the note had been paid in full by the co-signer, William T. Gardella. The defendant commenced a third-party action against Gardella, which was later withdrawn.
The case was referred to Attorney Kenneth B. Povodator, an attorney trial referee, in accordance with General Statutes §52-434(a) and Practice Book § 19-2, formerly § 429. The referee conducted a trial and then submitted a report pursuant to Practice Book § 19-4, formerly Practice Book § 430A. The referee made the following findings of fact: (1) Merchants became insolvent and the Federal Deposit Insurance Corporation (FDIC), as receiver, acquired the note in question, which was subsequently assigned to the plaintiff on October 17, 1996; (2) at the time the loan was purchased, Merchants' records indicated that there was a principal due of $40,234 and interest of $18,725, at a stipulated interest rate of 9% per annum; (3) FDIC computer records indicated that when it sold the note to the plaintiff, the principal balance was $40,234, and interest as of October 17, 1996, was in the amount of $18,725; (4) the FDIC computer records were based on the business records of Merchants, and were admitted into evidence because they bore "the indicia of reliability arising from the business need for accurate records;" (5) the plaintiff had demonstrated adequately that it was entitled to a reasonable attorney's fees of $7,635 in accordance with the provisions of the note in the event of a default; (6) there had not been any formal demand for payment transmitted by the plaintiff to the defendant; (7) after it sold the note to the plaintiff, the FDIC sent a form of tax notice to the defendant indicating that the note had been canceled; and (8) FDIC computer generated records were admitted in evidence as business records indicating the amount of the outstanding debt.
The attorney trial referee concluded, on the basis of the CT Page 2148 above findings of fact, that: (1) a formal demand for payment was not necessary, citing Savings Bank of New Britain v. Weed,121 Conn. 414, 419-20, 185 A. 571 (1936) ("[a]s between the maker and payee [a demand note] is due and payable immediately after delivery and without demand;" (2) the FDIC cancellation notice was not intended to excuse the defendant from payment of the note, but rather constituted notice that the note had been sold to the plaintiff and thus marked paid on the FDIC records; (3) the records submitted in evidence regarding the amount of the debt were admissible as business records, General Statutes §52-180, in accordance with New England Savings Bank v. BedfordRealty Corp. , 246 Conn. 594, 607, 717 A.2d 713 (1998), and SKWReal Estate Ltd. Partnership v. Gallicchio, 49 Conn. App. 563,575, 716 A.2d 903, cert denied, 247 Conn. 926, 719 A.2d 1169
(1998); and (4) judgment was recommended in the amount of $40,234, principal, and $25,649, interest as of September 18, 1998, and continuing thereafter at a per diem of $9.92, plus an attorney's fee of $7,635.
The defendant filed objections to the report as authorized by Practice Book § 19-14, formerly § 440 ("[a] party may file objections to the acceptance of a report on the ground that conclusions of fact stated in the report were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted"). The objections filed by the defendant claim that the testimony of two witnesses, the plaintiff's operating manager, Mark Stern, and Nestor Sybing, an account officer for the FDIC, regarding the accuracy of certain FDIC records, was inadmissable hearsay and did not fall within the business record exception to the hearsay rule as set forth in General Statutes § 52-180.[1]
The defendant did not file a motion to correct[2] or exceptions to the report.[3] In terms of the standard of review of an attorney trial referee's report, the lack of a motion to correct and exceptions to the report means that the factual findings of the referee must be accepted by this court. As was said in Tarka v. Filipovic, 45 Conn. App. 46, 54, 694 A.2d 824
(1997), "failure to comply with the rules of practice governing procedures by which a party may challenge the findings of fact and factual conclusions of the attorney referee proves fatal to this claim."
In any event, "[a] reviewing authority may not substitute its CT Page 2149 findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book [§ 19-17, formerly] § 443. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) Elgar v. Elgar, 238 Conn. 839, 848-49,679 A.2d 937 (1996).
As to the objections filed by the defendant to the testimony of Stern and Sybing, it should also be noted that "[s]ection 440 . . . cannot be used to attack findings of fact." IroquoisGas Transmission System v. Mileski 43 Conn. App. 47, 52,682 A.2d 140 (1996). "Absent . . . [an] exception to the report, the trial court, in ruling on the objection, [is] limited to determining whether the subordinate facts were sufficient to support the ultimate factual conclusions." (Internal quotation marks omitted.) Id., 51. As noted previously, the objections filed by the defendant relate to the referee's factual conclusions concerning the adequacy of the computer generated documents to prove the amount of the debt. Defendant's objections cannot be the basis for rejecting these facts as that is not within the scope of a Practice Book § 19-14 objection.
Hence, the only issue left for review is whether there has been an error of law. Tarka v. Filipovic, supra,45 Conn. App. 53. ("[w]e must evaluate the trial court's adoption of the attorney referee report as it applies the law to the facts"). The "interpretation" of a statute such as General Statutes §52-180 and its "applicability to the proffered documents" is a question of law. New England Savings Bank v. Bedford RealtyCorp. , supra, 246 Conn. 599,
In this present case, as indicated previously, exceptions and a transcript were not, furnished to the court, but based on the information in the briefs filed by the parties, it appears that the controversy about the business records exception to the hearsay rule revolves around the testimony of Sybing, the FDIC CT Page 2150 employee. The referee admitted into evidence a letter from Sybing setting forth the amount of the indebtedness. Sybing testified that the information in that exhibit came from a FDIC computer record made in the regular course of the FDIC business, and that it was the regular course of the FDIC business to make such a record at the time of the transaction in question. Sybing had no personal knowledge of the transaction and did not enter the documentation into the FDIC computer. The defendant argued that this made the exhibits inadmissable hearsay, relying, in part, in a brief dated September 11, 1998, on Willow Funding Co. v.Grencom Associates, 246 Conn. 615, 717 A.2d 1211 (1998). The Supreme Court did not find it necessary to rule on the business records rule in order to conclude that the proffered documents in that case constituted admissions by a party. Not cited by the defendant, however, were New England Savings Bank v. BedfordRealty Corp. , supra, 246 Conn. 594, issued on September 1, 1998, or SKW Real Estate Ltd. Partnership v. Gallicchio, supra,49 Conn. App. 926, issued July 28, 1998, both of which appear relevant to this present case.
New England Savings Bank, supra, 246 Conn. 594, contains the following points: (1) General Statutes § 52-180 "should be liberally interpreted in favor of admissibility;" Id., 603; (2) the proponent of the record does not have to prove "the accuracy of the record; its weight is an issue for the trier of fact;" Id., 602; (3) the requirements for the admission of business records are "modest;" Id.; (4) the witness need not be the author or preparer of the document, nor must the witness be an employee of the organization "during the relevant time period;" Id., 603; (5) the records do not have to be prepared by the organization itself"to be admissible as that organization's business records;" Id.; (6) the proponent of the record does not have to "establish a chain of custody in order to authenticate a business record;" Id., 604; and (7) "a gap in the chain of custody" or "possible incorrect entries" go to the weight of the document, not its inadmissibility.
In SKW Real Estate, supra, 49 Conn. App. 563, the Appellate Court described the case as one where a borrower obtained money from a lender, executed a promissory note, did not pay the note in full, and later claimed that it was excused from payment because the holder of the note was not able to prove with mathematical precision the amount of the debt. In SKW RealEstate, the court ruled that: (1) a witness could testify about computer generated documents reflecting the amount of a debt as CT Page 2151 being made in the ordinary course of business even though the witness did not make "the actual recordation or to have personal knowledge of the transaction;" Id., 576; (2) the important issue is whether the witness has knowledge "about the basic elements that afford reliability to computer printouts," and not a witness' "job description;" Id., 576-77; and (3) the business records statute should be construed"liberally." Id., 577.
Thus, the conclusion of the referee that the defendant is liable and responsible to repay his indebtedness follows legally and logically from the facts found by the referee. The recommendation of the attorney trial referee that judgment enter in favor of the plaintiff as to the complaint is accepted. Judgment hereby enters for the plaintiff for $ 40,234 principal, interest through the date of judgment in the amount of $27,137, and legal fees of $7,635,[4] or a total of $75,006.
Costs are to be taxed in favor of the plaintiff by the office of the chief clerk in accordance with General Statutes §52-257 and Practice Book § 18-5, formerly § 412.
So Ordered.
Dated at Stamford, Connecticut, this 17th of day of February, 1999.
William B. Lewis, Judge